[No. 17911.  Department One.  June 22, 1923.]

THE CITY OF EVERETT, *Appellant*, v. THE DEPARTMENT
OF PUBLIC WORKS *et al.*, *Respondents*.[1]

TELEGRAPHS AND TELEPHONES (7)—CHARGES—VALUATION OF PROP-
ERTY—ORDERS OF DEPARTMENT—REVIEW—COUNTY—VENUE.  Jurisdic-
tion to review proceedings of the department of public works for the
valuation of the property of a telephone company, instituted in one
county and heard in another, is fixed exclusively in the superior
court of the county where the hearing was had, by Rem. Comp.
Stat., § 10441, which, being a special act applying directly to valua-
tions, controls such proceedings, notwithstanding the general act,
Id., § 10428, provides that "any order" of the department may be
reviewed in the superior court of the county "in which the proceed-
ings were instituted."

SAME (7)—ORDERS OF DEPARTMENT—RIGHT OF REVIEW—PARTIES
ENTITLED.  A municipal corporation has no right to institute pro-
ceedings for review of the valuation of the property of a telephone
company, under Rem. Comp. Stat., § 10441, providing that "any
company," affected by the findings of the department of public works
relating to the valuation of property, may have the same reviewed
by proceedings in the superior court; since that act, being a special
act on that subject, controls such proceedings, notwithstanding the
general act, Id., § 10428, provides that "any complainant" may in-
stitute proceedings to review "any order" of the department of
public works.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered December 26,
1922, upon sustaining a demurrer to the petition, dis-
missing proceedings to review orders of the depart-
ment of public works fixing values for rate-making pur-
poses.  Affirmed.

*R. J. Faussett, J. W. Dootson,* and *Lloyd L. Black,*
for appellant.

*The Attorney General* and *Raymond W. Clifford,
Assistant,* for respondent Department of Public Works.

*Tanner & Garvin,* for respondent Puget Sound Tele-
phone Company.

[1]Reported in 215 Pac. 1045.

BRIDGES, J.—The appellant commenced this proceeding in the superior court of Thurston county, in this state, for the purpose of having reviewed certain findings and orders made by the department of public works in a proceeding before that department looking to the valuation for rate-making purposes of the property of the Puget Sound Telephone Company. The application alleged that, at Olympia, on November 13, 1922, the department of public works made certain findings and orders touching the valuation of the property of the telephone company for the purpose of rate making; that the petitioner is a subscriber for and user of a number of telephones of that company, and that it was an active party in the hearings of the matter before the department, and that the valuation as fixed is entirely too large and is against the evidence, and that the hearings before the department were had in the city of Everett, in Snohomish county. To this petition the respondents demurred on the grounds that the superior court of Thurston county had no jurisdiction of the subject-matter of the action, and that the petitioner had no legal capacity to sue. From the judgment sustaining the demurrer on both grounds and dismissing the action, this appeal has been taken.

It will be observed that the valuation proceeding was instituted before the department in Thurston county and that the hearing was in Snohomish county, and that this proceeding was commenced in the superior court of Thurston county. Section 10441, Rem. Comp. Stat. [P. C. § 5679], is a part of the public service commission law and applies particularly to the valuation of property. It first provides that the department of public works, upon any hearing as to the valuation of the property of any public service corporation, shall

make certain findings and orders, and then provides, among other things, that

"Any company affected by the findings, or any of them, believing such findings, or any of them, to be contrary to law, or the evidence introduced, or that such findings are unfair, unwarranted or unjust, may institute proceedings in the superior court of the state of Washington in the county in which said hearing has been held, or, if held in more than one county, then in the county in which said hearing was commenced, and have such findings reviewed, and their correctness, reasonableness and lawfulness inquired into and determined."

Since the petition for the review alleged that the hearings were had in Snohomish county, we must hold that the superior court of Thurston county had no jurisdiction, because the statute expressly states that such a review must be "by the superior court of the state of Washington in the county in which said hearing has been held."

Appellant cites and relies upon § 10428, Rem. Comp. Stat. [P. C. § 5613], of the same public service act, which provides that

"Any complainant or any public service affected by any order of the commission, and deeming it to be contrary to law, may, within thirty days after the service of the order upon him, or it, apply to the superior court of the county in which such proceeding was instituted for a writ of review, for the purpose of having its reasonableness and lawfulness inquired into and determined."

It contends that, under this section of the act, the proceeding having been "instituted" in Thurston county, the superior court of that county had jurisdiction. But that section is a general one, while § 10441, Rem. Comp. Stat., above quoted, is special and applies directly to valuations and controls proceedings seek-

ing to review any orders of the department in that connection.

We are also of the opinion that the appellant is not authorized by the statute to institute any proceeding anywhere for the purpose of such a review. It relies for its authority on § 10428, above quoted, which provides that "Any complainant or any public service affected by any order. . . ." may institute a review proceeding, while the respondent relies upon the provisions of § 10441, above quoted, which limits the right of review to "Any company affected by the findings. . . ." What we have already said with reference to the jurisdiction of the court applies also to this question. It is plain that a complainant may have a review as to some findings or orders made by the department, but § 10441 is specific to the effect that only the public service company affected may have a review of the questions directly affecting the valuation of its property. What purpose the legislature had in making the distinctions noted in these two sections is not for us to discuss. The wording of the statute is plain and we are bound by it.

The judgment of the trial court is affirmed.

MAIN, C. J., MACKINTOSH, MITCHELL, and HOLCOMB, JJ., concur.