[No. 17937.   Department Two.   October 22, 1923.]

THE STATE OF WASHINGTON, *on the Relation of M. L. Hults, Respondent*, v. PUGET SOUND TELEPHONE COMPANY, *Appellant*.[1]

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered November 28, 1922, upon findings in favor of the plaintiff, in mandamus proceedings to compel the rendition of service by a telephone company.   Reversed.

*Williams & Davis* and *Tanner & Garvin*, for appellant.

*Lloyd L. Black, R. J. Faussett*, and *J. W. Dootson*, for respondent.

PARKER, J.—This is an appeal by the defendant telephone company from a judgment of the superior court for Snohomish county, rendered in a mandamus proceeding, commanding the telephone company to reconnect the relator Hults' telephone with its telephone system in the city of Everett, without charge to Hults for disconnection or reconnection, or charge for past telephone service rendered to him, other than at the flat rate in effect prior to April 1, 1922, after which a "telechronometer" rate was put into force by the telephone company sanctioned by order of the department of public works; Hults' telephone having been disconnected by the telephone company because of his failure and refusal to pay for telephone service measured by the new telechronometer rate.

The mandamus judgment of the superior court was rested upon the theory that the order of the department of public works, authorizing the telephone company to charge for telephone service measured by a telechronometer rate, was void and that the telephone company therefore wrongfully disconnected Hults' telephone because of his failure and refusal to pay for his telephone service so measured. It is plain that the respective rights of the telephone company and Hults here involved are determinable by a correct answer to the question of the legality of the orders of the department of public works authorizing the telephone company to charge for telephone service measured by the telechronometer rate.   The legality of these orders was drawn in question and they were held valid in our recent decisions in *Everett v. Department of Public Works*, 125 Wash. 341, 215 Pac. 1045; and *Everett v. Department of Public Works*, 126 Wash. 699, 218 Pac. 1119.   It follows therefrom that the judgment of the superior court is erroneous, and must be reversed.

It is so ordered.

MAIN, C. J., and TOLMAN, J., concur.

[1]Reported in 219 Pac. 869.