[No. 23068. *En Banc.* September 18, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Ameri-can Telechronometer Company, Respondent,* v.
FRED. K. BAKER *et al., Appellants,* WEST
COAST TELEPHONE COMPANY *et al.,*
*Respondents.*[1]

[1]Reported in 2 P. (2d) 1099.

484

*The Attorney General* and *John C. Hurspool, Assistant (R. E. Ostrander, of counsel),* for appellants.

*Raymond D. Ogden, Ward Wm. Roney,* and *James P. Neal,* for respondent American Telechronometer Company.

*Wm. C. Bristol* and *Barge E. Leonard,* for respondents Telechronometer Co. of Washington *et al.*

*H. D. Cooley,* for respondents C. A. Norway *et al.*

BEALS, J.—July 1, 1930, the department of public works of Washington entered an order in its cause No. 5896, directing that West Coast Telephone Company (the owner of the telephone system in the city

of Everett, as successor to Puget Sound Telephone Company)

" . . . discontinue the use of telechronometers in Everett and vicinity, and disconnect and remove the instruments and appliances from its telephone plant,"

the order further providing that the telephone company return to flat rate service at rates which had been in effect several years before. American Telechronometer Company, the owner of the instruments used for measuring telephone service which had been in use in the city of Everett, which company participated in the hearing which resulted in the order of July 1, 1930, by writ of review brought the order before the superior court for Thurston county. The hearing resulted in a judgment of the superior court reversing and setting aside the order of the department of public works, from which judgment the members of the department of public works, constituting the department, appeal to this court.

In this opinion, the American Telechronometer Company (including other respondents interested with it) will be referred to as the respondent; the members of the department of public works, constituting the department, will be referred to as the department or the appellant; West Coast Telephone Company, one of the respondents, will be referred to as the Telephone Co.; and other respondents will be named as necessary.

A brief statement of the history of the use of the telechronometer in the Everett exchange is necessary to a proper understanding of the questions here presented. The device for measuring telephone service in units of time, known as the telechronometer, was patented during the year 1909. Its first practical use in this state occurred in the Everett rate area in 1920, an experimental use of the device having been requested by the then owner of the telephone system and

authorized by the public service commission, the predecessor of appellant.

In June, 1921, the department of public works directed the installation of telechronometers in Everett, and March 20, 1922, a tariff based on measured use was authorized by the department. This tariff was later changed, and in March, 1923, the use of measured service was discontinued. These orders were all entered by the department in its cause No. 4985, and in December, 1924, the department denied a petition filed by many telephone subscribers asking for the reinstallation of measured service. In this order, the department stated that measured service was opposed by the Telephone Co., and that the department did not desire to interfere with the managerial discretion of the officers of the company exercised in connection with such a matter.

February, 1926, another petition was filed with the department requesting reinstallation of measured service in the city of Everett, and, after an extensive investigation, the proceeding being designated as No. 5896, the department, finding that the Telephone Co. desired the reinstallation of measured service, entered an order directing the company to thenceforth operate on a basis of measured service, and to file its tariff accordingly. Pursuant to this order, use of the telechronometers was resumed in the Everett rate area January 1, 1928, rate schedules being duly filed.

During the month of April, 1928, a petition in the following form was filed by a group of patrons of the Everett telephone system:

"We, the undersigned telephone patrons of the Puget Sound Telephone Company, in Everett, Washington, hereby protest against the continuation of the measurement of telephone service by the telechronometer method in Everett, and request that the department of public works set for early formal hearing the

matter of discontinuing the measurement of telephone service by the telechronometer method and the reinauguration of reasonable flat rates."

The petition was regularly set for hearing, and, after filing and then withdrawing a proposed new rate schedule, the Telephone Co. proclaimed its neutrality, although represented by counsel at the hearings, and the department proceeded to hear the matter, the hearing being had in cause No. 5896, in which proceeding had been made the order of March, 1926, directing the establishment of measured telephone service.

In view of the declared indifference of the Telephone Co., respondent was allowed to assume the burden of resisting the petition, being assisted by other corporations interested in the use of the telechronometer and by a group of patrons of the Everett telephone exchange who desired the continuance of the measured service.

At the hearing held before the director of the department and both supervisors March 18, 1929, the supervisor of public utilities stated the purpose of the hearing as follows:

"Now the purpose of this hearing is to determine whether the present measure of telephone service shall continue, or, the flat rate service will be reinstalled in the Everett exchange area. . . . This hearing does not involve the valuation of the company's property used and usable in rendering service to the public, neither does it involve the rates for telephone service; however, evidence which may be submitted at this hearing relative to valuation and rates will be given consideration by the department only in determining whether measured service or flat rate service will prevail in Everett and such evidence will not be given consideration in the determination of the value and rates of the telephone company, for the reason that the valuation and rates are not at this time before the department."

It clearly appears that it was the declared intention of the department to make no finding or order involving rates or the valuation of the properties of the Telephone Co. All records and orders of the department relating to the use of telechronometers in the Everett exchange were made a part of the record to be considered by the department in connection with its ruling upon the petition. Both the president and plant engineer of the Telephone Co. were called as witnesses by the protestants and testified over the objection of counsel for their company. After the conclusion of the hearing, the Telephone Co., with the approval of the department, sent out over eight thousand postcards soliciting an expression of opinion by the telephone subscribers as to the continued use of measured service. As the result of this campaign, 2,318 patrons expressed themselves in favor of the continuance of measured service, 2,316 expressed themselves as opposed thereto, while 3,466 failed to express their preference.

It may be noted, in passing, that, after the taking of the testimony, the entire personnel of the department of public works changed; the order which is the basis of this appeal having been entered by the newly constituted department.

In the course of the hearing before the superior court, an order was entered directing the department to certify to the court a report made to the department by its chief engineer, under date September 25, 1929, entitled, "Report of the Chief Engineer on Valuation and Rate Investigation of the Everett Exchange of the West Coast Telephone Company as of June 30, 1929," and also the annual report of the Telephone Co. to the department of public works for the year 1929.

Appellant submits the following assignments of error upon which it relies for reversal of the judgment of the superior court:

"(1) The court erred in entering its order requiring the department to certify up the report of the chief engineer of September 25, 1929.

"(2) The court erred in entering its order requiring the department to certify up the annual report of the West Coast Telephone Company for the year 1929.

"(3) The court erred in considering the report of the chief engineer of September 25, 1929.

"(4) The court erred in holding that the American Telechronometer Company was authorized to have the order of the department of public works reviewed.

"(5) The court erred in holding that the department of public works had no jurisdiction.

"(6) The court erred in holding that the order of the department of 1926 was *res judicata*.

"(7) The court erred in finding that the order of the department is not supported by the evidence.

"(8) The court erred in finding that the order of the department of public works was arbitrary and unjust.

"(9) The court erred in reversing the order of the department of public works."

Appellant, in the first place, contends that respondent, being neither a complainant nor a public service company, had no right, under Rem. Comp. Stat., § 10428, to have the order of the department of which it complained reviewed by the superior court. Respondent, on the other hand, contends that it was entitled to a review, both under the special public utility act and under the general statutes, and that the right of review granted by the public service act is not exclusive. The situation presented before the department was unusual, the department met the same in an unusual, though eminently sensible, manner, and, for the purposes of this opinion, we assume, without deciding, that the writ of review granted by the su-

perior court at respondent's instance was properly issued.

■ The lower court seems to have been of the opinion that the department had no jurisdiction to entertain the proceeding in that it acted without any complaint sufficient to invoke its jurisdiction. Sections 10407, 10422 and 10432, Rem. Comp. Stat., contain provisions authorizing action by the department in certain cases. Section 10422 provides for the filing of a

" . . . petition or complaint in writing, setting forth any act or thing done or omitted to be done by any public service corporation in violation, or claimed to be in violation, of any provision of law or of any order or rule of the commission."

The other two sections cited read as follows:

"Section 10407. Whenever the commission shall find, after a hearing had on its own motion, or upon complaint, that repairs or improvements to, or changes in, any telegraph line or telephone line ought reasonably to be made, or that any additions or extensions should reasonably be made thereto in order to promote the security or convenience of the public or employees, or in order to secure adequate service or facilities for telegraphic or telephonic communications, the commission shall make and serve an order directing that such repairs, improvements, changes, additions or extensions be made in the manner to be specified therein."

"Section 10432. The commission may at any time, upon notice to the public service company affected, and after opportunity to be heard as provided in the case of complaints rescind, alter or amend any order or rule made, issued or promulgated by it, and any order or rule rescinding, altering or amending any prior order or rule shall, when served upon the public service company affected, have the same effect as herein provided for original orders and rules."

The sections quoted grant to the department, in cases such as this, very general powers, and afford ample basis for the steps taken by the department in this proceeding, whether it be considered that the department proceeded upon a complaint or adopted the protest or complaint filed and proceeded upon its own motion. *State ex rel. Kansas City Terminal R. Co. v. Public Service Commission,* 308 Mo. 359, 272 S. W. 957.

In this connection, respondent contends that the matter of the use of the device for measuring service and the computation of charges based thereon rested within the managerial discretion of the utility concerned, and that patrons of the utility, while having the right under the law to attack the reasonableness of the rates charged or the quality of the service rendered, and to present questions involving the amount of the rates or the method of classifying the users of the telephone service, had no right to attack the departmental order establishing measured service or the device by which the gross amount of the rate to be collected, computed on the basis of time use of the telephone, should be determined.

Assuming that respondent has the right to urge this objection, we hold that, under the sections of the statute above cited, together with § 10391, the department could properly inquire into the system employed by the Telephone Co. in computing charges for its telephone service, and into the mechanical devices employed by the utility in determining its charges.

The proceeding before the department was in all respects formal, and of such a character as to lead logically to the making of an order affecting the character of telephone service to be rendered in the particulars which were the subject matter of the inquiry. The mere fact that no new number was assigned to

the proceeding before the department is entirely immaterial, as are other matters which respondent contends indicate that the proceeding was in its nature purely an informal investigation. The fact that the Telephone Co. took no part in the proceeding is unimportant; it was represented before the department, and had the right to take the position that the department could enter, in connection with the subject matter of the hearing, such order as it saw fit. The city of Everett, at various times, appeared before the department by its counsel, and we cannot agree with respondent in its contention that all of the parties necessary to the hearing were not parties thereto.

██ Respondent contends that the departmental order of February, 1926, directing the installation of the telechronometers in the Everett rate area, was a final order which became *res judicata,* and that, therefore, the department of public works had no jurisdiction in this proceeding to enter an order vacating or modifying the same. In this connection, respondent also contends that the order of July 1, 1930, was based upon a theory neither presented by the complaint nor advanced during the taking of the testimony, and that the scope of the inquiry was greatly extended without notice.

Appellant cites §§ 10407 and 10432, Rem. Comp. Stat., *supra,* and § 10391, the pertinent portion of the latter section reading as follows:

"Whenever the commission shall find, after such hearing that the rules, regulations or practices of any telegraph company or telephone company are unjust or unreasonable, or that the equipment, facilities or service of any telegraph company or telephone company is inadequate, inefficient, improper or insufficient, the commission shall determine the just, reasonable, proper, adequate and efficient rules, regulations, practices, equipment, facilities and service to be thereafter

installed, observed and used, and fix the same by order or rule as hereinafter provided.''

Respondent's position was stated in the following objection urged by its counsel at the commencement of the proceeding:

"Mr. Bristol (objecting): And we renew it upon the further ground that the witness has already denied knowledge of the expense of the telechronometer. We are concerned now only with those things that relate to this hearing and not private relationship between private parties. Moreover I wish to point out to the department that this question, so far as it is a departmental matter—with all due courtesy to the supervisor when he announced that he wanted to get all the facts that he could—that there are certain portions of it which are *res judicata*. This department passed certain orders that to our mind respectfully forecloses any inquiry into private relations, except insofar as those things may bear upon the general economics and not the private relations of the parties. Neither the public nor the city of Everett could inject collaterally into this case something entirely outside the issues.''

By the order of March, 1926, the Telephone Co. was directed and required to equip its system for measured service, the findings reciting that the Telephone Co. desired the installation of such facilities. This order was reviewed by the superior court for Thurston county, which court affirmed the order of the department. From this judgment of the superior court, no appeal was prosecuted, and the order of the department became final and was complied with by the utility company. Respondent contends that this situation can be changed only through an action instituted by the Telephone Co. itself, and that an order based upon any other foundation unlawfully interferes with the managerial power or discretion of the utility.

In the absence of objection by the Telephone Co.,

we find no merit whatsoever in respondent's contention. Had the utility objected, an entirely different question would be presented, as to the merits of which we express no opinion. Respondent, which is not a public service corporation, having been by the department permitted to appear and introduce evidence, cannot, for that reason, raise all questions which might have been raised by the utility company itself. Pursuant to the laws constituting the department of public works, with particular reference to Rem. Comp. Stat., §§ 10391, 10407 and 10432, we hold that, under the circumstances here disclosed, the department had jurisdiction to enter the order of July 1, 1930, modifying the order of March, 1926. *Holmberg v. Chicago, St. P., M. & O. R. Co.*, 115 Neb. 727, 214 N. W. 746.

■  The contract and lease pursuant to which telechronometers were installed in the Everett exchange, bears date prior to the entry of the order of March, 1926, and provides that

"  .  .  .  the term of this lease to be for a period of five (5) years from and after the date upon which a telechronometer rate schedule, approved by the department of public works of said state, shall become operative within said rate area; provided that this lease shall be suspended or terminated upon order of the department of public works, suspending or terminating telechronometer service prior to the expiration of said lease."

The contract further provides that all terms and provisions thereof

"  .  .  .  are made subject to any modifications that may hereafter become necessary in order to conform to any orders, rules or regulations of the department of public works of the state of Washington."

As this contract was entered into prior to the entry of the order of March, 1926, it cannot be contended that the contract was based upon that order, and, by

express terms, it is stated that the contract was made subject to any order of the department requiring the removal of the telechronometers. It would seem that under no ordinary circumstances could the authority of the department be limited by such private contracts as the one just referred to; but, in any event, in view of the express terms of the lease, we are clearly of the opinion that respondent's contention that the department unlawfully interfered with contractual relations is not well founded.

Upon the merits, the department entered the following finding of fact:

"The department finds that under the telechronometer operation, as compared to the former flat rate service, a larger number of subscribers are paying a substantially larger sum, are making fewer calls, are talking for shorter periods of time and that the telephone company is receiving less on its investment. The reduction or economy in plant investment claimed by the telechronometer interests is entirely theoretical and can be realized only in the distant future, if at all. The department is of the opinion and finds that the telechronometer system is improper, inefficient and unsuitable for use on the Everett telephone exchange. The department further finds that West Coast Telephone Company should discontinue the use of the telechronometer in Everett and vicinity and remove the instruments and appliances from its telephone plant and return to flat rate service under the rates, rules and regulations in effect in 1926. The department further finds that ninety (90) days is a reasonable time in which to shift to flat rate service."

Respondent contends that the findings of the department are not supported by the record, and that this court should hold that the departmental order should, therefore, be vacated. The determination of such questions of fact should rest largely with the department. That is the tribunal provided by law for the determina-

tion of such matters as this which involve business, engineering, mechanical, social and economic situations and conditions, and require expert knowledge, careful study and investigation of engineering and mechanical problems which are important in determining questions involving the exercise by public utilities of their normal functions.

As has been often stated, courts are extremely reluctant to interfere with such regulatory bodies in the exercise of that discretion vested in them by law. We are not particularly concerned with arguments that, because gas, electricity and water are furnished and paid for through meters, telephone service should also be paid for on a measured basis. Such arguments are more properly directed to the department than to a judicial tribunal. This court, in such a proceeding as this, considers questions of law, and only incidentally passes upon questions of fact involving scientific and engineering problems, and would reverse an order of the department for reasons connected with such questions of fact only when it clearly appears that the law requires such action.

Respondent cites the case of *City of Everett v. Department of Public Works,* 125 Wash. 341, 215 Pac. 1045, in which was considered an appeal from a judgment of the superior court for Thurston county entered upon sustaining a demurrer to a petition seeking a review of an order of the department of public works fixing values for rate making purposes. The city of Everett, appellant there, sought to review before the superior court for Thurston county certain findings and orders made by the department in a proceeding in which the valuation of the property of Puget Sound Telephone Company was fixed for rate making purposes. The department demurred to the petition on the ground that the superior court of Thurston county

had no jurisdiction of the subject matter of the action, and because the petitioner had no legal capacity to sue. The demurrer was sustained upon both grounds, and on appeal the judgment of dismissal was affirmed, this court holding that, as the hearings had been held in Snohomish county, the superior court of Thurston county had no jurisdiction, and because the appellant had, under the law, no right to review the particular order of which it complained.

Respondent cites from the briefs, in which the nature of telephone service was extensively argued, but we are not disposed to enter upon any technical investigation or discussion as to the merits or demerits of the different methods of charging for such service. The case cited is authority only as to the matters set forth in the opinion, and is not here in point. We have carefully examined the record in the case at bar for the purpose of determining whether or not the order of July, 1930, is supported by the evidence, and we have reached the conclusion that it is so supported.

In this connection, respondent renews its argument to the effect that the order which it had reviewed was wholly without the scope of departmental authority, as well as without any invoked jurisdiction of the department in the present investigation. This order directed the discontinuance of the use of telechronometers and the removal of the instruments, and it also directed that the Telephone Co. return to flat rate charges for its service. Respondent argues that neither of these matters was before the department for determination, and that the department neither made nor, upon the record, could have made basic findings upon which such an order could properly be predicated. After careful investigation, we are satisfied that the findings are sufficient, and that the same are supported by the evidence. It is true that questions as to the

reasonableness of the rates directed to be put into effect may subsequently arise, but such questions nowise concern respondent and will be passed upon when presented.

Respondent, in its brief, several times refers to the fact that, after the taking of the testimony, the personnel of the department changed. Whether or not some or all of the members of the department, as constituted at the time the record herein was made, would have favored the entry of a different order than the one made by the department, we do not know, nor is it at all material to this inquiry. The members of the department who made the order of July 1, 1930, were the lawfully constituted department of public works, they had before them the entire record, and it was their duty to enter such order thereon as, in their opinion, was proper. In making such an order, the department uses not only information gleaned from the record in the particular case in which the order is entered,

" . . . but may take into consideration the results of its general investigations, general information upon a given subject within its powers, and all matters which affect the matter and concerning which it must determine the facts." *State ex rel. Northern Pacific R. Co. v. Public Service Commission,* 95 Wash. 376, 163 Pac. 1143, 166 Pac. 793.

To the same effect is *State ex rel. Seattle v. Public Service Commission,* 107 Wash. 17, 180 Pac. 913.

The fact that changes took place in the personnel of the department during the course of the hearing avails respondent nothing in its attack upon the order which is the basis of this proceeding.

Appellant complains of the order of the trial court requiring the department to certify to the superior court the report of its chief engineer under date Sep-

tember 25, 1929, and the report of the Telephone Co. for the year 1929, and in considering these reports in entering its judgment. We are of the opinion that the department could have caused these reports to be introduced in evidence and used the same in connection with its study of the questions presented to it for determination. If the department had desired to use these reports, all parties to the proceeding should have been advised, and an opportunity afforded for a hearing and a discussion of the reports and what steps should be taken to make the same available as part of the record. In view of our conclusion as to the action which should be taken by this court upon the appeal, further discussion of this phase of the case is not material.

The judgment appealed from is reversed, with instructions to enter a judgment affirming the order of the department; the judgment, however, to provide that the department may, if it desires to do so, reopen the proceeding and consider the reports above referred to and any other evidence which it may desire to have introduced. If the proceeding is reopened, all parties shall have the right to offer further testimony.

TOLMAN, C. J., MITCHELL, MILLARD, BEELER, MAIN, HOLCOMB, and PARKER, JJ., concur.