[No. 1494-2. Division Two. October 28, 1975.]

EMILY JOHNSTON, *Appellant*, v. GRAYS HARBOR COUNTY BOARD OF ADJUSTMENT, ET AL, *Respondents.*

*William E. Morgan,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* by *Dennis R. Colwell, Chief Civil Deputy,* and *Ted F. Zelasko,* for respondents.

PEARSON, J.—Emily Johnston appeals from an order denying her petition for a writ of certiorari to review the issuance of a conditional use permit by the Grays Harbor County Board of Adjustment. The conditional use permit was issued to the prospective builder of a mobile home

park after the matter had been remanded to the board of adjustment (hereinafter referred to as the "Board") by the superior court, so that the Board could make an express determination of whether a "detailed statement" of the environmental impact of the project was necessary.

The plaintiff raises the following issues on appeal:

1. Did the Board give proper notice of the purpose and substance of the hearing at which the environmental impact of the project was to be considered?

2. Was her participation at the hearing improperly curtailed in that: (a) she was confined to the presentation of new evidence; and (b) she was not permitted to challenge the sufficiency of a document referred to as an "environmental assessment"?

3. Did the hearing violate standards of fundamental fairness because one Board member who voted to issue the permit had not been present at prior proceedings?

For the reasons set forth below, we affirm the trial court's decision.

The material facts giving rise to this appeal are as follows. In 1971 Oscar Utheim applied for a conditional use permit to construct and operate a mobile home park of approximately 23 units. The subject property consists of 8 acres in an area zoned for general development in which mobile home parks may be permitted as conditional uses. The site abuts a forested, rural area and is covered with small trees and brush. It is crossed by Chenois Creek. Parcels in the vicinity are 5 to 10 acres in size, most of them containing houses.

The Board conducted hearings attended by the plaintiff, who opposed the permit. The permit was granted for 13 units after a hearing held June 4, 1973, but the Board failed to make a formal finding of the potential environmental impact of the proposed project.

The matter was reviewed on plaintiff's petition for certiorari by the superior court, which entered findings of fact and conclusions of law and remanded the case to the Board for further proceedings pursuant to RCW 43.21C, the State

Environmental Policy Act of 1971 (SEPA).[1] The court found that the issuance of the permit was a "major action" under the terms of RCW 43.21C.030(c) and concluded that the Board was in error, therefore, in not inquiring into the necessity for a "detailed statement" of the environmental impact of the proposed action.

Following remand, an assessment of environmental impact was prepared at the direction of the Grays Harbor County Planning Office by a Mr. Kingsley Hall, an independent consultant. The document was filed and available for public inspection at the planning office from January 21, 1974.

As required by local ordinance, timely notice was mailed to interested parties, including the plaintiff, advising them that the Board had scheduled a hearing on March 4, 1974, to consider Oscar Utheim's application for a conditional use

---

[1]RCW 43.21C.030 provides in part as follows:

The legislature authorizes and directs that, to the fullest extent possible: (1) The policies, regulations, and laws of the state of Washington shall be interpreted and administered in accordance with the policies set forth in this chapter, and (2) all branches of government of this state, including state agencies, municipal and public corporations, and counties shall:

(a) Utilize a systematic, interdisciplinary approach which will insure the integrated use of the natural and social sciences and the environmental design arts in planning and in decision making which may have an impact on man's environment;

(b) Identify and develop methods and procedures, in consultation with the department of ecology and the ecological commission, which will insure that presently unquantified environmental amenities and values will be given appropriate consideration in decision making along with economic and technical considerations;

(c) Include in every recommendation or report on proposals for legislation and other *major actions significantly affecting the quality of the environment,* a detailed statement by the responsible official on:

(i) the environmental impact of the proposed action;

(Italics ours.) The statute, in effect, requires a board of adjustment to consider the potential effect of a "major action" on the natural environment, in addition ·to other factors to be considered under the planning enabling act (RCW 36.70) and local ordinances. *Juanita Bay Valley Community Ass'n v. Kirkland,* 9 Wn. App. 59, 510 P.2d 1140 (1973).

permit for operation of a mobile home park on the subject parcel. A legal property description was included.

At the March 4 hearing, the Board confined the proceedings to a consideration of whether the contemplated project would significantly affect the quality of the environment, in the belief the order of remand required it to explore that question but not to reopen other aspects of the issuance of the permit. The Board's belief is firmly supported by the court's memorandum decision and findings and conclusions prompting the remand. The audience was invited to comment on the "assessment" and any other environmental concerns. The plaintiff and several other permit opponents spoke, as did a lawyer on their behalf. The Board then decided that the proposed mobile home park would not significantly affect the quality of the environment and that no detailed statement was required. The Board's interpretation that a proposed action may be "major" under SEPA and yet may be deemed not to "significantly [affect] the quality of the environment" is supported by *Eastlake Community Council v. Roanoke Associates, Inc.*, 82 Wn.2d 475, 491, 513 P.2d 36 (1973). Plaintiff's petition for a writ of certiorari was denied and this appeal followed.

1. The challenge to the adequacy of notice is bottomed on the fact that, although concededly proper in form, it did not specify that the Board intended to consider the content and sufficiency of the environmental assessment. Plaintiff relies upon Grays Harbor County ordinance No. 38.16.09, which requires that notice of such hearings state the "nature of the proposed change or use." She also complains that she was not furnished a copy of the assessment prior to the hearing.

We do not construe the Grays Harbor ordinance or RCW 36.70.840[2] as requiring the Board to specify in its notice of

---

[2]RCW 36.70.840 provides:

"Board of adjustment—Notice of time and place of hearing on conditional permit. Upon the filing of an application for a conditional use permit or a variance as set forth in RCW 36.70.810, the board of adjustment shall set the time and place for a public hearing on such matter, and written notice thereof shall be addressed through the

hearing the factors expected to be considered in passing upon a conditional use permit application.

■ As described above, the notice stated that the hearing was to consider Oscar Utheim's application for a conditional use permit for construction of a mobile home park. This notice adequately described "the nature of the proposed change or use," and sufficiently apprised plaintiff and other interested parties of the nature and character of the action so that they could intelligently prepare for the hearing. *See Barrie v. Kitsap County*, 84 Wn.2d 579, 527 P.2d 1377 (1974). Here there was no question of the notice tending to mislead the plaintiff as to the purpose of the hearing, when she had actual notice that the Board had been ordered to consider the effect on the environment of the proposed project.

■ Plaintiff has cited no authority for the proposition that a copy of the environmental assessment should have been sent to her in advance of the hearing. Accordingly, we need not consider this aspect of the assigned error. *Lucas v. Velikanje*, 2 Wn. App. 888, 471 P.2d 103 (1970). In any event, we believe that the Board met its obligation to make pertinent materials intended for use in the hearing available to the public when the environmental assessment was placed on open file in the planning office several weeks prior to the hearing date.

2. Plaintiff's challenge to the Board's alleged curtailment of her participation at the second hearing relates basically to the fact that the permit opponents were not allowed to question the assessment's author, and the Board chairman restricted audience comments to "something new" concerning the environmental impact of the proposal.

It is true that Mr. Hall was not present at the hearing to elaborate upon his environmental assessment and to be examined on its contents. And it is also true that the Board

---

United States mail to all property owners of record within a radius of three hundred feet of the exterior boundaries of subject property. The written notice shall be mailed not less than twelve days prior to the hearing."

chairman, when inviting audience participation in what was apparently the fourth hearing involving the permit, cautioned the audience that under consideration was

> whether we need an Impact Statement or not, and the members of the audience can speak on this situation as long as they have something new to present. We have rehashed an awful lot of stuff before, we don't want to have to repeat it and get into that argument again, because we have already made disposition of that. The matter lying before us now, is whether or not this would make a significant impact on the environment. Is there anyone from the audience who wishes to speak on this? Just anyone who has anything to say on behalf of this.

Following this statement—to which no exception was taken at the time—counsel for plaintiff, the plaintiff herself, and several others challenged the sufficiency and accuracy of the assessment and asked for a continuance to prepare more detailed rebuttal arguments.

■ The superior court entered findings of fact and conclusions of law incident to its order denying the petition for certiorari. One of its findings was that "no one was denied the right to speak or present evidence" at the March 4 hearing. CAROA 43 provides that no error assigned to a finding of fact will be considered unless the challenged finding is set forth verbatim in the brief. *State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 Wn.2d 542, 463 P.2d 617 (1970). Plaintiff's assignments of error seem substantially to challenge the court's finding, yet it is not quoted in her brief. Moreover, a reading of the record convinces us that plaintiff and others were indeed given an adequate opportunity to present their side of the environmental impact question before the Board, as evidenced by the chairman's invitation and the audience comments following. No authority is cited for the specific proposition that plaintiff should have been afforded the chance to confront and question the environmental assessment's author. In view of the previous public filing of the assessment and plaintiff's actual knowledge of the environmental impact focus of the hearing, we do not believe she was denied a

fair opportunity to contest the assessment's conclusions or to propound her own evidence. The court's finding is supported by substantial evidence and will not be overturned on appeal. *Friedlander v. Friedlander*, 80 Wn.2d 293, 494 P.2d 208 (1972).

If plaintiff's assignment of error is not intended to be directed at the specific finding, we are not persuaded the Board erred in limiting the discussion to "something new" or in denying her a continuance. The superior court found the issuance of the permit to be supported by substantial evidence, brought forth during multiple hearings. The remand was for the limited purpose of bringing the action into compliance with SEPA. The Board was fully warranted in confining the discussion to new matters bearing on the environmental impact, and its refusal of the continuance was justified in the interests of finality on the ground the opponents had been given ample opportunity to review and challenge the assessment.

3. Plaintiff's contention that the hearing violated standards of fundamental fairness relates to the fact that the new Board appointee had not heard the previous testimony when he voted upon the necessity for an environmental impact statement.

The applicable Grays Harbor County ordinance required a vote of a majority (three members) of the Board for issuance of a conditional use permit. A similar situation was considered in *Paramount Rock Co. v. County of San Diego*, 194 Cal. App. 2d 409, 15 Cal. Rptr. 7 (1961), in which all five members of the county board of supervisors voted upon a special use permit when only three of them had been present at an earlier evidentiary hearing. The California Court of Appeal upheld the board's decision, noting that the board majority necessary for adoption of findings had been present and the absence of the two other members was immaterial.

Although a county board of adjustment is not a state agency and is not subject to its terms, we observe that the Washington administrative procedure act, in RCW

34.04.110, contemplates that a *majority* of the agency officials making a decision in a contested case must have heard *or* read the evidence, and provides for an alternative procedure if they have not.[3] *Bowing v. Board of Trustees,* 85 Wn.2d 300, 534 P.2d 1365 (1975).

■■ Even if a unanimous Board vote had been required, rather than a simple majority, an administrative decision will not be invalid because an officer who participated in the decision was absent during presentation of evidence, provided he subsequently familiarized himself with the evidence before voting. *State ex rel. American Telechronometer Co. v. Baker,* 164 Wash. 483, 2 P.2d 1099 (1931). *See McGraw Elec. Co. v. United States,* 120 F. Supp. 354 (E.D. Mo. 1954), *aff'd,* 348 U.S. 804, 99 L. Ed. 635, 75 S. Ct. 45 (1954); *Allied Compensation Ins. Co. v. Industrial Accident Comm'n,* 57 Cal. 2d 115, 367 P.2d 409, 17 Cal. Rptr. 817 (1962); 2 K. Davis, *Administrative Law Treatise* § 11.02 (1958). Plaintiff has not referred to anything in the record in support of the intimation that the new Board member may have voted without having reviewed pertinent documents or the transcripts of prior proceedings. The presumption is that the member discharged his public duty and considered the prior record before making his decision. *Schreiber v. Reimcke,* 11 Wn. App. 873, 526 P.2d 904 (1974); K. Davis, *supra* at § 11.06; 8A E. McQuillin, *Municipal Corporations* § 25.269, at 243 (3d ed. 1965).

Plaintiff relies on *Buell v. Bremerton,* 80 Wn.2d 518, 495

---

[3]RCW 34.04.110 provides:

"Contested cases—Procedure when deciding officials have not heard or read evidence. Whenever in a contested case a majority of the officials of the agency who are to render the final decision have not heard or read the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including findings of fact and conclusions of law has been served upon the parties, and an opportunity has been afforded each party adversely affected to file exceptions and present written argument to a majority of the officials who are to render the decision who shall personally consider the whole record or such portions thereof as may be cited by the parties. Oral arguments may be heard in the discretion of the agency."

P.2d 1358 (1972), in support of her argument that fundamental fairness was violated. *Buell*, however, was a case in which a planning commission chairman was shown to have a financial interest in property affected by a rezoning. That factual situation is clearly distinguishable from the one before us.

The denial of the petition for writ of certiorari is affirmed.

PETRIE, C.J., and REED, J., concur.