[No. 1759-2.    Division Two.    December 30, 1976.]

THE STATE OF WASHINGTON, *on the Relation of Albert D. Pioli, Appellant,* v. HIGHER EDUCATION PERSONNEL BOARD, ET AL, *Respondents.*

Clifford Cordes, Jr., and *Cordes, Cordes & Younglove,* for appellant.

*Slade Gorton, Attorney General,* and *Kenneth W. Elfbrandt* and *Timothy J. Lowenberg, Assistants,* for respondents.

PEARSON, J.—Does the Higher Education Personnel Board have jurisdiction to hear the appeal of an employee dismissed by Everett Community College District No. 5 after 3 years' full-time employment as a campus security officer, when he was hired without any regard to applicable classified civil service requirements? We hold that the Higher Education Personnel Board does not have jurisdiction to hear such an appeal and affirm its order of dismissal of the appeal and the trial court's judgment affirming such order.

The findings of the board, which are supported by substantial if not undisputed evidence, are as follows.[1] Appellant, Albert D. Pioli, was originally employed by the college on a temporary basis as a campus security officer during the summer of 1970. The position was exempt from classified civil service under RCW 28B.16.040, which exempts part-time and temporary employees from the State Higher Education Personnel Law. No classified civil service benefits resulted from this temporary employment. On September 23, 1970, Pioli was hired on a full-time, regular basis in the same capacity and continued until his summary dismissal on June 1, 1973, for "curtailment of work."

At the time Pioli's regular and full-time employment commenced, the Uniform Personnel Rules for the Classified Staff Service of Everett and Edmonds Community Colleges —WAC 132E-12—governed the employment practices at the college. Those rules were adopted pursuant to RCW 28B.16.210. It is undisputed that in hiring Pioli the college did not comply with the requirements of WAC 132E-12 regarding recruitment, examination, certification, and appointment. On February 15, 1971, the board rules on eligibility for classified service became effective. WAC 251-18. These rules were promulgated pursuant to RCW 28B.16.100 and again fixed requirements for recruitment, examination, certification, and appointment to classified positions. The

[1] To the extent the factual questions were disputed, the board's findings of fact carry into the superior court and this court a prima facie presumption of correctness. *Gogerty v. Department of Institutions*, 71 Wn.2d 1, 426 P.2d 476 (1967).

requirements for obtaining classified positions were similar under both sets of rules.

It is undisputed that Pioli was employed directly by the Dean of Students, with the permission of the President of the college, and not through the classified personnel office. No notice was given regarding the creation of a new position or that a vacancy existed. No applications for the position, other than Pioli's, were sought or made. No formal competitive examination was given, nor was a list of eligible employees established. All of these omissions violated the applicable rules.

Pioli makes two arguments on the merits to support his contention that the board had jurisdiction to hear the appeal.

1. Since the position was not exempt and since he held the position for a substantial period of time with some civil service benefits voluntarily conferred,[2] we should grant civil service status to him, notwithstanding the irregularities involved in the hiring.

2. The college is estopped to deny that he is a classified employee.

■ We must reject both of these arguments for the reasons stated below. We held in *Tacoma v. Civil Serv. Bd.*, 6 Wn. App. 600, 494 P.2d 1380 (1972) that a civil service board has only those powers expressly granted to it by the legislation which created it. The Higher Education Personnel Board was created and its authority granted by RCW 28B.16—the State Higher Education Personnel Law. RCW 28B.16.030 makes that law applicable to "all personnel" of the institutions of higher education, which includes community colleges (RCW 28B.16.020(1)), except those exempted by RCW 28B.16.040. There is no exemption under the latter statute for full-time regular employees and the parties have stipulated that Pioli was not exempt.

■ Under RCW 28B.16.120(2)[3] "any employee" who

---

[2] Pioli was allowed paid vacation and sick leave benefits.

[3] RCW 28B.16.120(2) provides:

"Any employee who is reduced, dismissed, suspended, or demoted, after completing his probationary period of service as provided by the

has completed a 6-month probationary period has a right to appeal his dismissal to the Higher Education Personnel Board. A literal interpretation of this provision appears to support Pioli's first contention, since his position was non-exempt and since he held it longer than 6 months. Such an interpretation, however, would furnish a ready means of avoiding and defeating the purpose and policy of the civil service system, namely, to promote the merit system in public employment. It would permit a public employer to confer the benefits of civil service on one not entitled to those benefits, contrary to well-established principles. *See State ex rel. Scott v. Tacoma*, 40 Wn.2d 325, 242 P.2d 748 (1952); *State ex rel. Mattice v. Seattle*, 173 Wash. 42, 21 P.2d 288 (1933); *State ex rel. Raines v. Seattle*, 134 Wash. 360, 235 P. 968 (1925).

To carry out the purposes of the civil service system, we hold that it is beyond the authority of the public employer or the board to give an employee the benefits of civil service when the employee has not been hired according to the required procedures. To hold otherwise would allow a circumvention of the merit system. This holding requires that the right to appeal a dismissal under RCW 28B.16.120(2) is limited to employees in nonexempt positions who are hired under the prescribed procedures. Since Pioli was not so hired, he failed to obtain classified employee status. Accordingly, the board committed no error of law in dismissing his appeal for lack of jurisdiction.[4]

rules and regulations of the board, shall have the right to appeal to the board not later than thirty days after the effective date of such action. The employee shall be furnished with specified charges in writing when the action is taken. Such appeal shall be in writing and shall be heard by the board or its hearing officer duly appointed by the board within thirty days after notice of appeal is filed. The board shall furnish the institution or related board concerned with a copy of the appeal in advance of the hearing."

[4] We note that in 1974 the board adopted WAC 251-16-030, which allows the board jurisdiction to confer "permanent status" upon an employee who was not appointed in accordance with the required procedures when the employee has served 6 consecutive months in a position subject to civil service and the employee was not a party to the willful disregard of the rules. We are not required by this case to

Pioli's second argument to support his appeal is based upon principles of equitable estoppel. At least two elements of estoppel are absent, namely, representation and detrimental reliance. Pioli was not consistently treated as a classified employee and he was aware of the requirements for obtaining civil service status. (See footnote 4.) *See Federal Way Disposal Co. v. Tacoma*, 11 Wn. App. 894, 527 P.2d 1387 (1974). More important to disposal of this contention is that the Higher Education Personnel Board's jurisdiction is determined by statute, not equity. *See Tacoma v. Civil Serv. Bd., supra.* Estoppel cannot be used for the purpose of conferring subject matter jurisdiction upon a court. *Wesley v. Schneckloth*, 55 Wn.2d 90, 346 P.2d 658 (1959); *Rust v. Western Washington State College*, 11 Wn. App. 410, 523 P.2d 204 (1974). We hold estoppel cannot confer subject matter jurisdiction on an administrative tribunal which has a more restricted scope of authority.

Finally, Pioli contends that the Higher Education Personnel Board used irregular or unlawful procedures in the hearing and decision-making process which prejudiced his right to a fair hearing. Specifically, his complaint revolves around the following circumstances. At the hearing on July 6, only two of the three board members were present because of the illness of member John B. Troup. At the conclusion of the hearing, the chairman, Frank D. Cleary, announced the oral decision of the board granting the motion for dismissal. The other member, Glen R. Norman, did not orally dissent from the oral ruling. At the time of the hearing Mr. Norman was a de facto board member, as his term on the board expired July 1, 1973, and no replacement had been appointed. However, his replacement, Ms. Evelyn Jaeger, was appointed on July 12, 1973. Subsequent to the hearing, the board prepared and served upon the parties a proposal for decision, including findings of fact and conclu-

rule on the validity of WAC 251-16-030, since the rule was not in effect at any time during Pioli's employment. However, we note that the board specifically found that Pioli was fully aware of the requirements for obtaining civil service status at the time he was regularly employed.

sions of law. Pioli filed exceptions. The board, consisting of Mr. Cleary, Mr. Troup, and Ms. Jaeger, scheduled and heard oral argument on October 11, 1973. Both Mr. Troup and Ms. Jaeger had "reviewed" the record from the July 6 hearing. The board entered its final written order of dismissal on November 15, 1973. Prior to the entry of the final order of dismissal, Mr. Norman filed a dissenting opinion. In a deposition taken in connection with the appeal heard by the Thurston County Superior Court, Mr. Norman testified that he did not concur with the oral decision given at the July 6 hearing, but that he did not dissent at that time because of extreme anger.

In our opinion the procedure followed by the board satisfied the requirements of RCW 34.04.110,[5] which allows a final decision when a majority of board members has not been present at the hearings. *See Bowing v. Board of Trustees*, 85 Wn.2d 300, 534 P.2d 1365 (1975). The procedure was also in accord with the general rule that a decision comports with due process if those who decide have considered and appraised the evidence. K. Davis, *Administrative Law Text* § 11.02 (3d ed. 1972). *See also Johnston v. Grays Harbor County Bd. of Adjustment*, 14 Wn. App. 378, 541 P.2d 1232 (1975).

Pioli finally attacks the order of dismissal because of the board's failure to make and record its final order within 30 days after the conclusion of the hearing, as required by

---

[5]RCW 34.04.110 provides:

"Whenever in a contested case a majority of the officials of the agency who are to render the final decision have not heard or read the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including findings of fact and conclusions of law has been served upon the parties, and an opportunity has been afforded each party adversely affected to file exceptions and present written argument to a majority of the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties. Oral arguments may be heard in the discretion of the agency."

RCW 28B.16.140. We fail to see any prejudice to Pioli for this omission under the circumstances.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.