[No. 6641–1.  Division One.  September 17, 1979.]

THE UNIVERSITY OF WASHINGTON, *Respondent,* v. BONNIE HARRIS, *Appellant.*

*Hackett, Beecher, Hart, Branom & Vavrichek* and *Wayne C. Vavrichek,* for appellant.

*Slade Gorton, Attorney General,* and *Elsa Kircher Cole, Assistant,* for respondent.

WILLIAMS, J.—Bonnie Harris, an interior designer in the Department of Facilities Planning and Construction at the University of Washington, was laid off because of a decrease in appropriations. She appealed to the Higher Education Personnel Board which ordered her reinstated. On appeal by the University to the King County Superior Court, that order was reversed and Harris appeals to this court. We affirm.

The facts are these: In April of 1976, the University's budget committee determined that there would be a 2.3 million dollar deficit for the second year of the biennium. Following a directive from the vice president for business and finance, the Department of Facilities Planning reduced its budget by 10 percent. In doing so, the director of that department decided to reduce the staff by one senior architect and one interior designer, Ms. Harris. On August 9, 1976, Harris received a layoff notice which gave "lack of funds" as the sole reason for her discharge.

Just before then, in June 1976, the position of Programming and Design Officer in the same department became vacant and was filled temporarily by another employee of the department who was serving in the position of Architectural Supervisor A. The idea was that the Programming and Design position would soon be filled, with the Architectural Supervisor A returning to his usual duties, but nothing was done, at least through December 1976.

In her appearance before the hearing examiner of the personnel board, Harris argued that the University did have sufficient money to continue to pay her because of the unused salary from the vacant position. The hearing examiner found:

Since an Architectural Supervisor A is in a higher salary category than was the Appellant [Harris], as an Interior Designer, the funds available by not filling the position of Architectural Supervisor A or Programming Design Officer would be sufficient to pay the salary and benefits of the Appellant. When a position such as this is vacant for any period of time, the funds that would be expended for that position are "recaptured" in the University operating budget and are used elsewhere. In order to make these funds available to pay the salary of a person in Appellant's position, the Department of Facilities Planning and Construction would have to submit a request for reorganization and eliminate either the position of Programming and Design Officer or Architectural Supervisor A. These are the requirements of the University.

He then concluded that the unused salary from the vacant position should be used by the department to pay Harris' salary and, hence, there was no reason to lay her off. The personnel board adopted the findings and conclusions of the hearing examiner. On appeal to the Superior Court, all of the findings, including the one above quoted, were adopted, but the court reversed the board's decision, holding that it had no authority to require the University to eliminate a position to establish funds to pay Harris. We agree.

■ The purpose of the State Higher Education Personnel Law is to establish a personnel system based on merit principles and scientific methods. RCW 28B.16.010. To this end, the Higher Education Personnel Board was established, in part, to promulgate rules "regarding the basis and procedures to be followed for: (1) The dismissal, suspension, or demotion of an employee, . . ." RCW 28B.16.100. But the board is not authorized, in effect, to order the Department of Facilities Planning to abandon one position in order to transfer funds to another. The position to be eliminated and those to be retained when the budget is reduced is left to the good faith judgment of management. *See* RCW 28B.16.101; *see State ex rel. Pioli v. Higher Educ. Personnel Bd.*, 16 Wn. App. 642, 558 P.2d 1364 (1976).

Nevertheless, Harris argues that the department should use the salary from the vacant position to meet its budget reduction and thus avoid laying her off. It does seem logical that the unused funds from the vacated position be used to meet the department's share of the anticipated deficit. The position Harris occupied was needed to help the University in accomplishing its mission. If it were not, the University would not have authorized it and allocated the necessary money.

The problem is that the University is a vast institution spending millions of dollars upon thousands of employees. For reasons not disclosed in the record, the money allocated to a position which is vacant for any period of time is recaptured and spent elsewhere. This fact is established in the above quoted unchallenged finding. Presumably, in an institution so large, the amount of funds recaptured would be forecast with considerable accuracy. It is beyond the province of this court to decide that those funds may not be "recaptured" but should be used even in part for a special purpose; in this case, to make up for the Department of Facilities Planning's share of the anticipated deficit.

Affirmed.

JAMES and DORE, JJ., concur.

Reconsideration denied November 29, 1979.

Review denied by Supreme Court February 22, 1980.