[No. 8209–8–II.   Division Two.   December 19, 1986.]

LACY J. JONES, *Respondent,* v. THE DEPARTMENT OF CORRECTIONS, *Petitioner.*

Kenneth O. Eikenberry, Attorney General, and Michael P. Lynch, Assistant, for petitioner.

Douglas P. Wyckoff and Swanson, Parr, Cordes, Younglove, Peeples & Wyckoff, P.S., for respondent.

ALEXANDER, J.—The Department of Corrections, pursuant to RAP 2.3, sought discretionary review of an order of the Thurston County Superior Court, which reversed the Personnel Appeals Board's affirmance of Lacy Jones' dismissal from public employment. We granted review.[1] The Department argues here that the trial court erred in (1) concluding that it had jurisdiction to entertain Jones' appeal from the Board's decision, and (2) concluding that the decision of the Board was arbitrary and capricious. We hold that the trial court erred in ruling that it had subject matter jurisdiction and, therefore, we reverse without reaching the Department's other contention.

Jones was dismissed from his employment at the Department for the stated causes of neglect of duty, gross misconduct, and willful violation of employing agency rules. Specifically, it was alleged that he breached security at the Washington Corrections Center in Shelton on January 16, 1982, for the purpose of trafficking a significant amount of marijuana and that he "had been involved in trafficking significant amounts of marijuana into" the Corrections Center on that date and other occasions. Jones timely appealed his dismissal to the Board.

The Board upheld Jones' dismissal, concluding that he had indeed breached Department security, and that this breach amounted to gross misconduct and willful violation

---

[1]Pursuant to RCW 41.64.130, only an "employee" has the right to appeal a decision of the Board.

of the Department's published rules.[2]

Jones thereafter filed a notice of appeal in the Thurston County Superior Court. Jones served that notice on the Attorney General who signed an acceptance of service "on behalf of the Department of Corrections, State of Washington." No one in the employing agency was served with the notice of appeal within the requisite time. Ultimately, the Department moved to dismiss Jones' appeal claiming that the superior court was without subject matter jurisdiction because Jones had not served his notice of appeal on the Department. The trial court denied the motion, and the matter proceeded to a hearing on the merits of the appeal. At the conclusion of the hearing, the trial court held that the Board's decision affirming Jones' dismissal should be reversed because it "was arbitrary and capricious."[3]

In our judgment, the resolution of the jurisdictional issue is dispositive of the appeal.[4] It is axiomatic that for the superior court to have appellate jurisdiction over an appeal from an administrative decision, the appealing party must comply with the statute conferring jurisdiction on the superior court. *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944). The statute conferring appellate jurisdiction on the superior court in employee appeals is RCW 41.64.130. That statute reads, in pertinent part, as follows:

(1) Within thirty days after the recording of the order and the mailing thereof, the employee may appeal the decision and order of the board on appeals made pursuant to RCW 41.06.170(2), as now or hereafter amended, to the superior court of Thurston county on one or more of the grounds that the order was:

---

[2]The Board concluded that the Department failed to sustain its burden of proof regarding marijuana trafficking.

[3]The trial court agreed with the Board that the Department had succeeded in proving Jones' breach of security. However, the trial court held that the Board's decision upholding the penalty of dismissal was arbitrary and capricious.

[4]Because the jurisdictional issue is dispositive of the appeal, we have not set forth any facts relating to the merits of Jones' appeal.

. . .
(2) Such grounds shall be stated in a written notice of appeal filed with the court, with copies thereof served on a member of the board or the executive secretary *and on the employing agency,* all within the time stated.

(Italics ours.)

In *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 667 P.2d 1133, *review denied,* 100 Wn. 2d 1030 (1983), we held that in order for an appellant to comply with the statute, service must be had on the agency itself and that service on the Attorney General is not sufficient. The court said:

> Service upon the Attorney General is neither service upon the statutorily designated administrative head of an administrative agency nor upon the statutorily designated agency itself.

*Reeves,* 35 Wn. App. at 538.

■ Jones argues that *Reeves* applies prospectively only, and that it has no application to this case because *Reeves* was decided after Jones filed and served his notice of appeal to the Superior Court. He cites *In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982) in support of his argument that the holding in *Reeves* does not have retroactive application. In *Brown,* the court discussed the factors that must be considered by the court in determining the issue of retroactivity. The court said:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . Second, it has been stressed that "we must . . . weigh the merits and demerits ·in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is

ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Brown,* 98 Wn.2d at 50–51.

■ Applying the *Brown* factors to this case, it is clear that *Reeves* should be applied retroactively. First, *Reeves* did not establish a new principle of law; rather, it merely stated what was the clear rule of RCW 41.64.130(2). It cannot be said that the *Reeves* decision was a departure from an earlier view of the same statute for we know of no case before *Reeves* indicating that service on the Attorney General satisfied the requirements of the statute. Second, the application of *Reeves* will not retard the operation of RCW 41.64.130(2). It is obviously no greater burden to appellant to serve the Department than it is to serve the Attorney General.

Finally, we do not believe that there is a likelihood that substantial inequitable results will flow from the retroactive application of *Reeves.* Although Jones will not be permitted to pursue his appeal, there is nothing in the record to support a finding that service on the Attorney General rather than the agency was a common practice and that other would–be applicants have or will run afoul of the decision.[5] In light of the plain language of the statute, it seems to us unlikely.

■ Jones asserts that the Department should be estopped from relying on *Reeves* because the Attorney General acknowledged receipt of the notice on behalf of the Department, and further, because it did not assert lack of jurisdiction pursuant to *Reeves,* until after the time for appeal had expired. This argument does not benefit Jones because estoppel cannot be the basis for conferring subject matter jurisdiction upon a court. *State ex rel. Pioli v. Higher Educ. Personnel Bd.,* 16 Wn. App. 642, 646, 558

---

[5]Counsel for Jones stated at oral argument that it was common practice, before *Reeves,* for appealing employees to serve their notice of appeal on the Attorney General rather than the agency. He conceded, however, that the record contained no evidence supporting that statement, and we are unable to take judicial notice of that fact.

P.2d 1364 (1976).

Having concluded that the trial court was without juris-diction to entertain the appeal, it is unnecessary for us to consider the Department's contention that the trial court erred in concluding that the Board's decision was arbitrary and capricious.

We reverse the trial court and affirm the Personnel Appeals Board's decision upholding the dismissal of Lacy Jones from employment with the Department of Correc-tions.

WORSWICK, C.J., and GREEN, J., concur.

WORSWICK, C.J. (concurring)—I concur in substance with the majority opinion and have signed it. However, I believe the retroactivity analysis discussion is unnecessary and undesirable. Retroactivity analysis should be strictly lim-ited to the application of opinions announcing a new prin-ciple of law. Here, as in *Reeves,* no new principle governs our decision. Counsel for Jones simply failed to read the law that was there to be read. His attempt to save the situ-ation by invoking retroactivity analysis has no merit. We should say as much, but no more.