[No. 5507-4-II. Division Two. August 15, 1983.]

ROBERT REEVES, *Appellant,* v. THE DEPARTMENT OF GENERAL ADMINISTRATION, *Respondent.*

*Clifford F. Cordes III,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *William L. Williams, Assistant,* for respondent.

PETRIE, J.—Robert Reeves appeals an order of the Superior Court for Thurston County entered on March 26, 1981, which affirmed an order of the Washington State Personnel Board terminating his employment with the Department of General Administration (GA) for gross misconduct and neglect of duty. GA sought, and was granted, cross review of the trial court's denial of GA's motion to dismiss Reeves' appeal to superior court brought on the theory that the court lacked jurisdiction to entertain the cause because Reeves failed to serve GA properly with his notice of appeal from the Personnel Board's order.

We consider first GA's cross review. As a basis upon which to present GA's motion to dismiss Reeves' appeal to superior court, the parties stipulated to the following facts:

I.

That the decision of the Washington State Personnel Board, from which the appellant appeals, was dated July 6, 1978.

## II.

That the appellant's appeal was filed with the Thurston County Superior court on July 26, 1978.

## III.

That the Department of Personnel was served on July 28, 1978, pursuant to statute.

## IV.

That an Assistant Attorney General for the State of Washington was served with a copy of the Notice of Appeal on July 27, 1978, well within the 30-day time period; however, neither the Director of the Department of General Administration, nor any person on his staff, were [sic] served with a copy of the Notice of Appeal.

GA contends that under these facts, Reeves' attempted appeal to superior court was never perfected because GA was never served as required by statute. Former RCW 41.06.200 (applicable at the time Reeves sought judicial review) provided in relevant part as follows:

(1) Within thirty days after the recording of the [Personnel Board's] order and the mailing thereof, the employee may appeal to the superior court of Thurston county, on one or more of the [five specified] grounds . . .

(2) Such grounds shall be stated in a written notice of appeal filed with the court, with *copies thereof served* on the director of personnel or a member of his staff or a member of the board and *on the employing agency,* all within the time stated.

(Italics ours.)

Reeves does not deny the applicability of that statute. Indeed, the "special statutory procedure is exclusive with respect to the kind of grievances therein referred to." *Senior Citizens League, Inc. v. Department of Social Sec.,* 38 Wn.2d 142, 228 P.2d 478 (1951). Most certainly, Reeves' grievance in the case at bench is the kind referred to in the Washington State Civil Service Law, RCW 41.06.

Reeves contends, rather, that service upon the Attorney General was not only proper service, but was "perhaps the best service possible" because such service was upon the person who by statutory mandate must represent GA

before the courts and all administrative tribunals. In support of this theory Reeves directs our attention to RCW 43.10.040 which unquestionably imposes upon the Attorney General the duty to represent "the state and all officials, departments, boards, commissions and agencies of the state in the courts, and before all administrative tribunals . . ." Nothing in that statute, however, imposes upon the Attorney General either the duty or the authority to accept service of a notice of appeal on behalf of any of his clients.

For authority of the Attorney General to accept service of notices of appeal from administrative agencies, Reeves directs our attention to RCW 4.92.020 and CR 5(b)(1).

 RCW 4.92.020 is derived from Laws of 1895, ch. 95, § 2, "An Act authorizing actions against the state", as last amended by Laws of 1927, ch. 216, § 2. That statute provides:

> Service of summons and complaint in such actions [referring to actions based on claims against the State authorized by RCW 4.92.010] shall be served in the manner prescribed by law upon the attorney general, or by leaving the same in his office with an assistant attorney general.

Notwithstanding the clearly expressed language of this statute which directs service only of specified summonses and complaints, Reeves contends this statute should be liberally construed, citing *Northwestern & Pac. Hypotheek Bank v. State,* 18 Wash. 73, 50 P. 586 (1897). The issue in *Northwestern* was whether section 1 of the 1895 act (forerunner of RCW 4.92.010) conferred jurisdiction upon the Superior Court for Thurston County to hear and determine actions in equity, as opposed to actions at law only, when that section of the act provided merely the right of "[a]ny person or corporation having any *claim* against the State of Washington . . . to begin an *action* against the state in the superior court of Thurston county." (Italics ours.) The court's "liberal construction" was simply that the statute was intended to authorize the bringing of an action in equity establishing lien priorities, and was not intended

merely to authorize an action at law for a money judgment.

We cannot—and do not—interpret RCW 4.92.020, which directs service upon the Attorney General of a summons and complaint in original actions brought against the State, as directing service upon that public official of a copy of a notice of appeal from an administrative tribunal when the Legislature has specifically directed that service of such notice shall be upon "the employing agency."

We turn, then, to Reeves' other authority, CR 5(b)(1), which provides in relevant part:

> Whenever *under these rules* service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.

(Italics ours.)

We have held previously that the Superior Court Civil Rules do not purport to extend subject matter jurisdiction of the superior courts and, specifically, that CR 6(e), which authorizes a time extension for performance of certain acts when a party is served by mail, has no applicability to appeals filed under the administrative procedure act, RCW 34.04. *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 622 P.2d 1283 (1981). These rules are clearly intended to apply only to "civil actions" which invoke the general jurisdiction of the superior courts, and which are commenced by service of summons and complaint. *See* CR 1, "Scope of Rules"; CR 2, "One Form of Action"; and CR 3, "Commencement of Action."

An appeal from an administrative tribunal invokes the appellate, not the general or original, jurisdiction of a superior court. *MacVeigh v. Division of Unemployment Comp.,* 19 Wn.2d 383, 142 P.2d 900 (1943). As such, the superior court is a court of limited, statutory jurisdiction, and all essential, jurisdictional facts imposed by the statutory procedure for such appeals must be met. *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944); *Nafus v. Department of Labor & Indus.,* 142 Wash. 48, 251 P. 877, 255 P. 148 (1927).

■ Though recent authority permits "substantial compliance" with statutory provisions to invoke the *appellate,* as well as the *general,* jurisdiction of the courts, *In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980), nevertheless, no authority exists permitting noncompliance with the statutory mandate. Service upon the Attorney General is neither service upon the statutorily designated administrative head of an administrative agency nor upon the statutorily designated agency itself. *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296, *review denied,* 92 Wn.2d 1013 (1979). We hold service of a copy of a notice of appeal from an order of the Personnel Board upon the Attorney General was not service upon GA, "the employing agency."

On Reeves' subsequent appeal to this court, our jurisdiction is limited to resolution of the jurisdictional issue. Having resolved that issue contrary to the contention of the party who sought to invoke the jurisdiction of the Superior Court for Thurston County, we are limited to a remand of the cause with direction to vacate the order of the Superior Court. Nevertheless, to avoid any necessity of a remand to this court in the event higher authority should disagree with our resolution of the jurisdictional issue, we have reviewed the record and find, on the merits of Mr. Reeves' appeal, that neither the Superior Court nor the Personnel Board erred in its ruling.

This cause is remanded to the Superior Court for Thurston County with direction to vacate the order heretofore entered on March 26, 1981.

WORSWICK, A.C.J., and REED, J., concur.

Reconsideration denied September 15, 1983.

Review denied by Supreme Court December 2, 1983.