[No. 8999-8-II.   Division Two.   April 9, 1987.]

BANNER REALTY, INC., *Appellant,* v. THE DEPARTMENT OF REVENUE, *Respondent.*

---

*K. Michael Jennings* and *McGavick, Graves, Beale & McNerthney,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Mary E. Fairhurst, Assistant,* for respondent.

UTTER, J.*—Taxpayer Banner Realty, Inc., appeals the trial court's order dismissing for lack of jurisdiction Banner's petition for review from a final decision of the Washington State Board of Tax Appeals (BTA). The BTA's decision upheld an excise tax assessment issued against Banner by respondent Department of Revenue. We affirm the trial court.

The Department conducted an audit of Banner, and assessed additional taxes of $51,834 and interest. Banner petitioned the Department for correction of the assessment pursuant to RCW 82.32.160. The Department denied Banner's petition.

Banner than appealed to the BTA pursuant to RCW 82.03.190. The Department filed notice of its intention that the BTA hearing be a formal one, as authorized by RCW 82.03.190. The BTA conducted a formal hearing on February 7, 1985. On March 27, 1985, the BTA issued its final decision and order denying Banner's appeal and sustaining the tax assessment issued by the Department. The BTA mailed a copy of that decision to Banner on March 27, 1985.

On April 23, 1985, Banner filed a petition for review in

---

*This appeal was heard by a Supreme Court Justice, a retired Supreme Court Justice, and a Superior Court Judge sitting as Judges Pro Tempore of the Court of Appeals in Division Two.

the Pierce County Superior Court, pursuant to RCW 34.04-.130, the state administrative procedure act. On May 16, 1985, the Department filed a motion to dismiss Banner's petition for review for Banner's failure to serve a copy of that petition on the BTA within 30 days after service of the BTA decision, as required by RCW 34.04.130(2). On May 31, 1985, the trial court granted the Department's motion and entered an order to that effect.

On June 7, 1985, Banner filed a motion for reconsideration of the trial court order. On June 26, 1985, Banner served the BTA with a copy of its petition for review. Banner's motion for reconsideration was argued and denied by the trial court on July 19, 1985. The issue before this court for review is whether the trial court properly dismissed Banner's petition for judicial review for Banner's failure to serve a copy of that petition on the BTA as required by RCW 34.04.130(2). We hold that it did.

RCW 82.32.160 provides an opportunity for a taxpayer to petition the Department for correction of a tax assessment. RCW 82.03.190 provides for an appeal from a determination of the Department under RCW 82.32.160 to the BTA. Either the taxpayer or the Department may request that the BTA conduct a formal hearing pursuant to the administrative procedure act (RCW 34.04). RCW 82.03.180, in turn, governs judicial review of decisions of the BTA.

RCW 82.03.180 provides that final decisions of the BTA following formal hearings are reviewed in superior court pursuant to the administrative procedure act, specifically RCW 34.04.130. Subsection (2) of RCW 34.04.130 sets forth the venue and other requirements for filing a petition for review in the superior court. It provides, in relevant part:

> The petition shall be served and filed within thirty days after the service of the final decision of the agency. Copies of the petition shall be served upon the agency and all parties of record. . . .

In this case, RCW 34.04.130(2) required Banner to serve a copy of its petition for judicial review on the agency and all parties of record within 30 days after service of the agency decision. *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 622 P.2d 1283 (1981). The BTA served its final decision on Banner on March 27, 1985. Banner did not serve the BTA with a copy of its petition for judicial review until June 26, 1985, nearly 3 months after service of the final decision of the BTA and nearly a full month after the trial court had entered its order granting the Department's motion to dismiss Banner's petition for failure to serve the BTA.

Banner argues that the requirements of RCW 34.04.130 are not jurisdictional, and that Banner substantially complied with the statute's requirements. They further contend that the Department was not prejudiced by Banner's failure to serve notice of its petition for review to the BTA. Article 4, section 6 (amendment 65) of the Washington State Constitution is relied upon by Banner. Section 6 provides, in part:

> The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve . . . the legality of any tax . . .

Banner also cites *Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 643 P.2d 436 (1982) (a case involving an analogous grant of original jurisdiction to the superior court under Const. art. 4, § 6 (amend. 65) in cases involving assessments) for the proposition that strict compliance with the statutory scheme for review is not necessary to the court's jurisdiction. We are asked to hold, as the court did in *Fisher,* that "'substantial compliance' or satisfaction of the 'spirit' of a procedural requirement may be sufficient." *Fisher,* at 230. The Washington State Supreme Court has applied the doctrine of "substantial compliance" to a jurisdictional statute. *In re Saltis,* 94 Wn.2d 889, 621

P.2d 716 (1980). However, Banner has neither strictly nor substantially complied with the service requirement of RCW 34.04.130(2). Banner does not even suggest that it served the BTA within the 30 days prescribed by RCW 34.04.130(2). It likewise failed to substantially comply with the service requirement of RCW 34.04.130(2).

Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute. It means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

(Citations omitted.) *In re Santore,* 28 Wn. App. 319, 327, 623 P.2d 702 (1981).

Both parties acknowledge that one of the principal objectives of RCW 34.04.130(2) and its 30–day service requirement is to assure that judicial review is promptly sought and accomplished. Service on the agency rendering the final decision in question is a prerequisite to and triggers transmittal of the administrative record to the court. RCW 34.04.130(4). In turn, RCW 34.04.130(5) largely confines judicial review to the record before the administrative agency. Service on the agency, therefore, is vital to the timely functioning of the review process. Without such service, there is no record before the superior court and thus, no basis for review.

In this case, the BTA was not served with a copy of the petition for review until almost 2 months after its petition for review was dismissed by the trial court. In short, Banner has entirely failed to comply with the provisions of RCW 34.04.130(2), and has not even acted in a manner calculated to comply with its requirements. Substantial compliance does not encompass noncompliance. *Patterson v. Department of Labor & Indus.,* 37 Wn. App. 196, 198, 678 P.2d 1262 (1984); *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 667 P.2d 1133, *review denied,* 100 Wn.2d

1030 (1983). Banner's remaining arguments lack merit. Accordingly, we affirm the holding of the trial court.

FOSCUE and HAMILTON, JJ. Pro Tem., concur.