[No. 64943-4-I.   Division One.   July 19, 2010.]

SPRINT SPECTRUM, LP, *Appellant*, v. THE DEPARTMENT OF REVENUE, *Respondent*.

950

*Michele G. Radosevich* (of *Davis Wright Tremaine LLP*), for appellant.

*Robert M. McKenna, Attorney General,* and *Brett S. Durbin, Assistant,* for respondent.

¶1  Cox, J. — A petition for judicial review of an order of an administrative agency should be filed with the superior court within 30 days after service of the agency's final order.[1] The agency, the Office of the Attorney General, and all parties of record should be served with copies of the petition within the same 30-day period.[2]

---

[1] RCW 34.05.542(2).

[2] *Id.*

¶2 Here, Sprint Spectrum LP timely filed its petition for judicial review of the final order of the Board of Tax Appeals (Board). Sprint also timely served copies of the petition for review on both the Department of Revenue (Department) and the Office of the Attorney General. But Sprint has never served a copy of the petition on the Board. Due to this failure to serve the Board, the superior court dismissed the petition with prejudice. Because of Sprint's failure to comply fully with the service requirements of RCW 34.05.542(2), we affirm.

¶3 The facts in this case are undisputed. In October 2001, the Department assessed Sprint for various state taxes, including uncollected retail sales tax due for a one year period on certain sales of wireless telephone service. The amount in dispute was almost $2,800,000 plus applicable interest and penalties. Sprint paid the full amount due and timely filed a notice of appeal with the state Board. Sprint appears to have elected to have a formal hearing of its appeal to the Board under the Administrative Procedure Act (APA), chapter 34.05 RCW.[3]

¶4 In December 2008, the Board held a hearing on cross motions for summary judgment. The Board made its final order and served Sprint and the Department with that order on February 11, 2009. The order sustained the Department's tax assessment and denied Sprint's request for a refund.

¶5 On March 6, 2009, Sprint filed its petition for judicial review, asking the Thurston County Superior Court to set aside the Board's final order and seeking other relief. Sprint served copies of its petition on the Department and the Office of the Attorney General on the same day that it filed the petition.

¶6 On May 13, 2009, the Department moved to dismiss Sprint's petition for failure to timely serve a copy of the petition on the Board. At oral argument of this case on

---

[3] *See* RCW 82.03.140 (providing for an election of either a formal or informal hearing by the party taking an appeal to the Board).

appeal to this court, Sprint and the Department agreed that Sprint never served a copy of its petition on the Board, either within the 30-day period after service of the Board's final order or at any time thereafter. The superior court dismissed the petition with prejudice.

¶7 Sprint timely appealed.

## PERSONS TO BE SERVED WITH A PETITION FOR REVIEW

¶8 Sprint argues that RCW 34.05.542(2), the APA provision stating the requirements for service and filing of a petition for judicial review, is ambiguous and the trial court erred when it dismissed its petition with prejudice. We hold that the statute is not ambiguous and that the failure to comply with its terms for service of a copy of the petition required dismissal of the petition.

¶9 Appeals from certain decisions of the Board are governed by the APA. "[W]hen the [Board's] decision has been rendered pursuant to a formal hearing elected under RCW 82.03.140 or 82.03.190 . . . judicial review may be obtained only pursuant to RCW 34.05.510 through 34.05.598."[4] RCW 34.05.542 states the requirements for filing a petition for judicial review of an agency's final order and for service of copies of that petition.

¶10 The meaning of a statute is a question of law reviewed de novo.[5] "The court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent."[6]

---

[4] RCW 82.03.180.

[5] *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

[6] *Id.* at 9-10.

■ ■ ¶11 It is appropriate to resort to aids to construction if a statute is ambiguous.[7] A statute is ambiguous if, after examining all that the legislature has said in that and related statutes, the statute remains susceptible to more than one reasonable meaning.[8]

¶12 Here, the adjudication of the dispute between Sprint and the Department before the Board was done at a formal hearing. Thus, the exclusive method for obtaining judicial review of the Board's final order is by the procedures specified in RCW 34.05.510 through 34.05.598.[9]

¶13 RCW 34.05.542(2) specifies the time for filing and service of a petition for judicial review of a final order of an agency.[10] That statute states:

> A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.

The dispositive issue here is whether Sprint's failure to serve the Board with a copy of its petition for judicial review supported the trial court's order dismissing that petition.

■ ¶14 Our analysis begins with consideration of the words of the above statute. The plain words of the statute specify that filing of the petition for judicial review and service of copies of the petition must both be accomplished within 30 days after service of the final order of the agency. The only reasonable reading of these words is that "the agency" is the body whose final order is the subject of the petition for judicial review.

---

[7] *Id.* at 12.

[8] *Id.* at 11-12.

[9] RCW 82.03.180.

[10] Other subsections of RCW 34.05.542, which are not at issue in this case, state additional matters concerning service of copies of the petition for judicial review:

> (5) Failure to timely serve a petition on the office of the attorney general is not grounds for dismissal of the petition.
> (6) For purposes of this section, service upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record.

¶15 Here, "the agency" that must be served is the Board. It is undisputed that Sprint did not serve the Board with a copy of the petition within 30 days after service of the Board's final order. It never served the Board.

¶16 Further examination of the words of the statute makes clear who must be served with copies of the petition for judicial review within 30 days after service of the final order of the Board. Again, the plain words of the statute make clear that "the office of the attorney general" and "all other parties of record" must be served.

¶17 As for "parties of record," we have several observations. First, the definitions at RCW 34.05.010(12) and (13) show that a "party" may be a "[p]arty to agency proceedings" or "[p]arty to judicial review or civil enforcement proceedings."[11] Applying these definitions here, it is clear that the Department is within the class "parties of record" for purposes of service of a copy of a petition for judicial review under RCW 34.05.542(2). Second, the same definitional sections make it equally clear that the Board is not within the term "parties of record" for service purposes. The Board is neither a "person to whom the agency action is specifically directed" nor a "person named as a party to the agency proceeding."

¶18 Based on a reading of the plain words of the statute in the context in which these words are used, we conclude that the Board is "the agency" whose final order is the subject of a petition for judicial review. Timely service of a copy of the petition for review on the Board, the agency whose order is the subject of the petition, is required. Likewise, timely service on the Department, a party of record, is also required. The failure to timely serve a copy of the petition on the Board was a failure to comply with the express terms of the statute.

---

[11] RCW 34.05.010(12) (" 'Party to agency proceedings' ... means: (a) A person to whom the agency action is specifically directed; or (b) A person named as a party to the agency proceeding."), .010(13) (" 'Party to judicial review['] means: (a) A person who files a petition for a judicial review ... proceeding; or (b) A person named as a party in a judicial review ... proceeding."); *see also* RCW 34.05.010(14) (" 'Person' ... includes another agency.").

¶19 *Banner Realty, Inc. v. Department of Revenue*[12] is instructive. There, the Department assessed additional taxes and interest exceeding $51,000 against Banner Realty following an audit.[13] Following the Department's denial of Banner's petition for correction of the assessment, the company appealed to the Board, seeking a formal hearing.[14] The Board conducted such a hearing and issued its final order denying Banner's request for relief.[15] The Board mailed a copy of its order to Banner on March 27, 1985.[16]

¶20 On April 23, 1985, Banner filed its petition for judicial review in Pierce County Superior Court.[17] On May 16, 1985, the Department moved to dismiss the petition due to Banner's failure to serve a copy of the petition on the Board within 30 days after service of the Board's final order.[18] Banner appealed the superior court's order granting the motion.[19]

¶21 The court of appeals affirmed.[20] In doing so, it addressed several issues that parallel those raised in this case. One of those issues is the court's explanation of the reason for the requirement to serve the agency whose final order is the subject of the petition for judicial review. The *Banner* court stated:

> Both parties acknowledge that one of the principal objectives of RCW 34.04.130(2) and its 30-day service requirement is to assure that judicial review is promptly sought and accomplished. Service on the agency rendering the final decision in

---

[12] 48 Wn. App. 274, 738 P.2d 279 (1987).

[13] *Id.* at 275.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 275-76.

[18] *Id.* at 276.

[19] *Id.*

[20] *Id.* at 279.

question is a prerequisite to and triggers transmittal of the administrative record to the court. RCW 34.04.130(4). In turn, RCW 34.04.130(5) largely confines judicial review to the record before the administrative agency. Service on the agency, therefore, is vital to the timely functioning of the review process. Without such service, there is no record before the superior court and thus, no basis for review.[21]

¶22 Here, we have the same situation as in *Banner*. The final order of the Board is the subject of Sprint's petition for judicial review. That agency has the administrative record that is to be transmitted to the superior court for review. Thus, the rationale for requiring service on the Board in *Banner* also applies in this case.[22]

¶23 Admittedly, there are other ways to ensure that the record of an administrative agency is promptly submitted to a court for review. But the legislature has specified that service on the agency whose order is the subject of a petition is required to accomplish that objective under these circumstances. We will not substitute our judgment for that of the legislature on the proper method of ensuring timely transmittal of the administrative record to a court for judicial review.

¶24 The holding of *Banner* affirming dismissal of the petition also supports our disposition of this appeal. Banner argued that the trial court should not have dismissed its petition for review because it had substantially complied with the service requirements of the statute governing

---

[21] *Id.* at 278. The relevant service provision of former RCW 34.04.130(2) (1977) was amended and recodified as RCW 34.05.542(2) as part of general recodification of the APA, effective July 1, 1989. LAWS OF 1988, ch. 288, § 509. Former RCW 34.04.130(4) was amended and recodified as RCW 34.05.566(1). LAWS OF 1988, ch. 288, § 515.

[22] *See* RCW 34.05.566(1) ("Within thirty days *after service of the petition for judicial review* . . . the agency shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action. . . ." (emphasis added)).

filing and service of the petition for judicial review.[23] The court rejected this argument.[24]

¶25 The court stated that substantial compliance requires that a " 'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.' "[25] That determination depends on the facts of each particular case.[26] The court noted that the Board was not served with a copy of the petition for review until almost two months after dismissal of that petition by the trial court.[27] Based on that fact, the court concluded that Banner entirely failed to comply with the governing statute.[28] Because substantial compliance does not encompass noncompliance, the court held that the doctrine did not apply to the facts of that case.[29]

¶26 Here, Sprint does not argue that it substantially complied with the requirement to serve the Board. It is undisputed that Sprint never served the Board. In short, this too is a case of noncompliance. Accordingly, the holding in *Banner* supports the trial court's dismissal of Sprint's petition for judicial review.

¶27 Sprint attempts to distinguish *Banner* on two bases. First, it claims that the case is of no value here because it interpreted a provision in the former version of the APA, chapter 34.04 RCW, which the legislature repealed in 1988. Second, it argues that *Banner* addressed a different question. Neither argument is persuasive.

¶28 While it is true that *Banner* interpreted a provision in the former APA, the terms of that provision and

---

[23] *Banner*, 48 Wn. App. at 277.

[24] *Id.* at 278.

[25] *Id.* (quoting *In re Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)).

[26] *Id.* (quoting *In re Santore*, 28 Wn. App. at 327).

[27] *Id.*

[28] *Id.*

[29] *Id.* (citing *Patterson v. Dep't of Labor & Indus.*, 37 Wn. App. 196, 198, 678 P.2d 1262 (1984); *Reeves v. Dep't of Gen. Admin.*, 35 Wn. App. 533, 667 P.2d 1133 (1983)).

the one before us are not materially different. The former provision states in part:

> "The petition shall be served and filed within thirty days after the service of the final decision of the agency. Copies of the petition shall be served upon the agency and all parties of record."[30]

¶29 The current version of the statute states:

> A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.[31]

¶30 Sprint argues that the first sentence of the former statute "unambiguously uses agency to refer to the agency issuing the order."[32] Thus, according to Sprint, a rule of statutory construction suggests that the word "agency" in the next sentence of the former statute has the same meaning for purposes of determining who must be served with copies of the petition.[33] This appears to be an argument that the changed wording in the current statute indicates a changed legislative intent regarding who must be timely served with copies of a petition for review.

■■ ■■ ¶31 This argument is unpersuasive for two reasons. First, Sprint overlooks another rule of statutory construction: " 'Language within a statute must be read in context with the entire statute and construed in a manner consistent with the general purposes of the statute.' "[34] Applying this rule here, there can be no doubt that the "order" to which the first clause of RCW 34.05.542(2) refers is that of the agency whose final decision is the subject of a

---

[30] *Id.* at 276 (quoting former RCW 34.04.130(2)).

[31] RCW 34.05.542(2).

[32] Brief of Appellant at 8.

[33] *Id.*

[34] *Pub. Util. Dist. No. 1 of Lewis County v. Wash. Pub. Power Supply Sys.*, 104 Wn.2d 353, 369, 705 P.2d 1195 (1985) (quoting *Nationwide Papers, Inc. v. Nw. Egg Sales*, 69 Wn.2d 72, 76, 416 P.2d 687 (1966)).

petition for review. Sprint has not explained what other plausible explanation exists for our reading of the first clause of the current statute. Accordingly, we have no reason to conclude that the reference in the current statute to "agency," as one of the persons to be served with a copy of the petition, means anything different now than it did before the 1988 amendments to the APA.

¶32 Second, and more importantly, the legislature expressly addressed the effect of its 1988 amendments of the APA on court decisions interpreting the act before the effective date of the amendments:

> The legislature intends, by enacting this 1988 Administrative Procedure Act, to clarify the existing law of administrative procedure, to achieve greater consistency with other states and the federal government in administrative procedure, and to provide greater public and legislative access to administrative decision making. *The legislature intends that to the greatest extent possible and unless this chapter clearly requires otherwise, current agency practices and court decisions interpreting the Administrative Procedure Act in effect before July 1, 1989, shall remain in effect.*[35]

¶33 The provision that is before us from the current APA deals with the same subject matter as the former statute: filing of a petition for judicial review of a final agency action and service of copies of such a petition. Nothing in the current APA "clearly requires" that we abandon the *Banner* court's holding that dismissal is required if timely service of a copy of the petition for judicial review is not accomplished. Likewise, nothing in the current APA "clearly requires" that we abandon that court's explanation of the rationale for requiring timely service of a copy of the petition on the agency whose decision is the subject of the petition. As we observed earlier in this opinion, the rationale for the requirement appears to be the same now as it was before.[36]

---

[35] RCW 34.05.001 (emphasis added).

[36] *See* RCW 34.05.566(1) ("Within thirty days *after service of the petition for judicial review* . . . the agency shall transmit to the court the original or a

Thus, *Banner* has continued vitality for the express purposes for which we cite it in this case.

¶34 Sprint's other attempt to distinguish *Banner* is also unconvincing. *Banner* held that noncompliance with the time requirements for service of a copy of the petition for judicial review on the Board supported dismissal of the petition.[37] Here, as in *Banner*, Sprint's noncompliance with the service requirements of the statute warranted dismissal of its petition for judicial review.[38]

¶35 Sprint next argues that the statute is not specific as to the agency to be served.[39] Specifically, Sprint contends that the term "the agency" in the statute does not address a situation "in which more than one agency is involved in the adjudication."[40] This argument is not persuasive.

¶36 A basic flaw in this argument is its premise that "the agency," in the context of this statute, can reasonably mean more than one entity. As we have already explained in this opinion, the term can be read, in the context of this statute, only as the administrative agency whose final order is the subject of a petition for judicial review. Here, the Board is the only such agency. Thus, it does not matter that more than one agency is "involved in this adjudication" as Sprint argues.

¶37 To the extent this argument is an attempt to show that the statute is ambiguous, we reject it. The only reasonable reading of this statute is that "the agency" is the Board and that the Department is a "part[y] of record." Both must be timely served within 30 days after service of the final order of the Board.

---

certified copy of the agency record for judicial review of the agency action. . . ." (emphasis added)).

[37] *Banner*, 48 Wn. App. at 276.

[38] *See id.* at 276, 278-79.

[39] Brief of Appellant at 2.

[40] *Id.*

¶38 We note that Sprint's petition for judicial review in this case is consistent with our reading of the statute. It states:

> 1.3. The Board of Tax Appeals ("BTA") *is the state agency* created under RCW 82.03.010 *that took the action at issue in this appeal.* The BTA's mailing address is 910 Fifth Avenue, Olympia, Washington 98504-0925.
>
> 1.4. *The Department and Sprint were the parties* in the administrative adjudicative proceeding that resulted in the final decision being appealed herein.[41]

¶39 Sprint next argues that the most reasonable interpretation of "the agency" is the agency with which the petitioner has the dispute, "not the agency that merely conducts the hearing."[42] Our reading of the statute is consistent with the legislature's intent. Sprint's reading is not. There is no ambiguity in this statute in the sense that more than one reasonable reading is possible. Thus, there is no need to address what reading is most reasonable as Sprint argues.

¶40 In any event, the case of *Kaiser Aluminum & Chemical Corp. v. Department of Labor & Industries,*[43] on which Sprint relies, does not require a different result. There, our Supreme Court held that the Board of Industrial Insurance Appeals did not have authority to bring an appeal of a superior court judgment that had reversed a Board of Industrial Insurance Appeals decision.[44] The court acknowledged that "[q]uasi-judicial agencies, as opposed to enforcement or 'front-line' agencies, are generally not permitted to bring appeals of adverse court decisions."[45] The court also quoted with approval an attorney general opinion that reached a similar conclusion, stating that the Board of

---

[41] Clerk's Papers at 5 (emphasis added).

[42] Brief of Appellant at 4.

[43] 121 Wn.2d 776, 854 P.2d 611 (1993).

[44] *Id.* at 780.

[45] *Id.* at 781.

Industrial Insurance Appeals " 'is not a party to its own proceedings' " and was " 'in no sense a party litigant either in its own forum or *in the superior and Supreme courts on appeal*, as is the case of many regulatory bodies.' "[46]

¶41 Relying on this authority, Sprint appears to argue that it makes better sense in this case to serve the Department, the agency that will appear in superior court review proceedings, than to serve the Board, which generally cannot participate in an appeal. This argument is at odds with the plain words of the statute specifying on whom a copy of the petition for judicial review must be served. Moreover, it fails to address why service on the Board is required under this statute: to trigger production and transmittal of the administrative record to the reviewing court.

¶42 Based on its assertion that the statute is ambiguous, Sprint argues that the statute should be liberally construed. Sprint then relies on this rule of statutory construction, citing out-of-state authority to support its argument.[47]

¶43 We have already held that the statute is not ambiguous. The words of the statute, in context, show that timely service of a copy of the petition for review on the Board is required. Therefore, there is no basis to apply a liberal construction to the plain words of this statute.

¶44 To summarize, Sprint failed to comply with the statutory requirement to serve the Board with a copy of the petition for judicial review within 30 days after service on Sprint of the Board's final order. Moreover, Sprint never served the Board with a copy of the petition. This noncompliance with the service requirements of the statute supports the superior court's dismissal of the petition.

¶45 We affirm the order of dismissal.

LEACH, A.C.J., concurs.

---

[46] *Id.* at 785 (quoting 1949 Op. Att'y Gen. No. 49-51-170, at 2).

[47] Brief of Appellant at 6 (citing *All Star Rent A Car, Inc. v. Wis. Dep't of Transp.*, 2006 WI 85, 292 Wis. 2d 615, 716 N.W.2d 506).

¶46 BECKER, J. (concurring) — I concur in the majority opinion's analysis and result. I write separately to reject, explicitly, the Department of Revenue's argument that the petition for judicial review by Sprint Spectrum LP had to be dismissed for lack of subject matter jurisdiction.

¶47 The law that determines this appeal is the section of the Administrative Procedure Act, chapter 34.05 RCW, that specifies the time for filing and service of a petition for judicial review of a final order of an agency:

> A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.

RCW 34.05.542(2). The issue raised by Sprint's appeal is one of statutory construction. Sprint argues that "agency" means the Department of Revenue in this particular case. We conclude, however, that "agency" continues to mean what it has always meant, the agency issuing the order. In this case, the agency is the Board of Tax Appeals. Sprint failed to serve the "agency" within 30 days and accordingly failed to comply with the procedures for service dictated by the statute.

¶48 What are the consequences for a petitioner who fails to comply with the service procedures dictated by the Administrative Procedure Act? According to the Department of Revenue, the petition must be dismissed for lack of subject matter jurisdiction. In my view, the authorities supporting that position are outdated and harmful.

¶49 Our Supreme Court has stated the underlying principle as follows: "Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked." *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998). However, as the court has also recognized, the problem with this oft-repeated principle is that it tends to transform procedural elements into jurisdictional require-

ments. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 315, 76 P.3d 1183 (2003). The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy. If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction. *Dougherty*, 150 Wn.2d at 316. Without question, determining whether or not the Department of Revenue assessed taxes correctly is a type of controversy that a superior court acting in its appellate capacity is empowered to resolve. Therefore, any error or defect in Sprint's compliance with the statutory service requirements must go to something other than the superior court's subject matter jurisdiction.

¶50 To think of subject matter jurisdiction as something that depends on what the parties to an action do or fail to do is to undermine the fixed nature of a tribunal's power. "Jurisdiction exists because of a constitutional or statutory provision. A party cannot confer jurisdiction; all that a party does is invoke it." *Dougherty*, 150 Wn.2d at 319. If Sprint could not confer jurisdiction on the superior court by properly serving the correct entities, then Sprint could not deprive the superior court of jurisdiction by failing to serve the correct entities. Treating subject matter jurisdiction as though it were a fleeting and fragile attribute of a court diminishes the authority of the court, creates a trap for the unwary, and prevents worthy cases from being heard on the merits even when the procedural violation has not prejudiced the opposing party. *Dougherty* recognized these concerns when it overruled a line of cases that had transformed venue into a jurisdictional requirement:

> "Elevating procedural requirements to the level of jurisdictional imperative has little practical value and encourages trivial procedural errors to interfere with the court's ability to do substantive justice." *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 791, 947 P.2d 732 (1997) (Durham, C.J., concurring). Transforming venue into a jurisdictional matter allows a party to raise it at any time, even after

judgment. "A party's ability to raise procedural defects at any time could result in abuse and cause a huge waste of judicial resources." *Okanogan*, 133 Wn.2d at 790.

*Dougherty*, 150 Wn.2d at 319.

¶51 The principle that all statutory requirements must be met before jurisdiction is properly "invoked" still leaves open the issue of which statutory requirements are jurisdictional. *Okanogan*, 133 Wn.2d at 790 (Durham, C.J., concurring). The Administrative Procedure Act itself does not state or imply that its procedural requirements are limitations on the subject matter jurisdiction of a superior court. It bears repeating that once a procedural requirement is transformed into an element of subject matter jurisdiction, a party's violation of the requirement becomes a defect that can be raised at any time. This is so because no objection is necessary to preserve an objection to lack of subject matter jurisdiction, RAP 2.5(a), and a judgment entered without subject matter jurisdiction is void. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987). A void judgment must be vacated even if the moving party actively participated in the lawsuit, because lack of subject matter jurisdiction is not subject to waiver. *Skagit Surveyors & Eng'rs, LLC*, 135 Wn.2d at 556.

¶52 Classifying procedural errors as jurisdictional flaws thus has serious implications for the finality of judgments. It must always be a matter of institutional concern to the courts when the casual and imprecise use of the term "subject matter jurisdiction" leads to an increase in the number of decisions that are subject to attack indefinitely. In this case, the Department of Revenue raised a prompt challenge to Sprint's failure to serve the Board of Tax Appeals. But if that failure truly deprived the superior court of jurisdiction, the Department of Revenue could have waited to see what happened in the superior court and then raised its jurisdictional challenge if it did not like the result.

¶53 Sprint relies entirely on the unsuccessful argument that their service complied with the requirements of RCW

34.05.542(2). Sprint has not questioned the Department of Revenue's theory that a failure to comply deprives the superior court of subject matter jurisdiction. Consequently Sprint has not argued that the consequences of failure to comply should be anything other than dismissal for lack of subject matter jurisdiction. Given this posture of the case, I believe affirmance of the dismissal to be the proper result here and I support the majority opinion, which has carefully stated a rationale for affirming without mentioning the term "jurisdiction." Even though in my view the superior court had subject matter jurisdiction, it does not necessarily follow that the court had to grant relief to Sprint. "Technical compliance with mandatory procedures may be grounds for dismissal if raised at the proper time." *Okanogan,* 133 Wn.2d at 792 (Durham, C.J., concurring).

¶54 It appears likely that the Supreme Court will in due course recognize that a failure to comply with the service requirements of the Administrative Procedure Act is a defect that goes to something other than subject matter jurisdiction. What consequences will then flow from a failure to comply with the statutory service requirements is a question that will have to await further briefing and analysis.

Reconsideration denied September 1, 2010.

Review denied at 170 Wn.2d 1023 (2011).