IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

NORTHWEST TERRITORIAL MINT,      )    NO. 68065-0-I
                                 )
                    Appellant,   )    DIVISION ONE
                                 )
        v.                       )
                                 )    UNPUBLISHED OPINION
STATE OF WASHINGTON,             )
DEPARTMENT OF REVENUE,           )
                                 )
                    Respondent.  )    FILED: March 4, 2013
_____)

LEACH, C.J. — Northwest Territorial Mint appeals the trial court's dismissal

of a petition seeking judicial review of an adverse Board of Tax Appeals (Board)

decision. Because Northwest did not serve the Board within the time required by

statute[1] and cannot substantially comply with this statute with untimely service,

we affirm.

## FACTS

The State of Washington Department of Revenue (Department) assessed

manufacturing excise taxes against Northwest. After an administrative hearing,

the Board affirmed the assessment. Some 24 days after the Board's service of

its final order, Northwest served a petition for review on the Department and the

Washington State Attorney General's Office. It filed the petition with the superior

---

[1] RCW 34.05.542.

court 4 days later. It did not serve the Board with the petition until 47 days after the Board served its final order.[2]

The Department moved to dismiss the petition for failure to timely serve the petition on the Board. The trial court dismissed the petition because Northwest failed to timely serve the agency that issued the decision being appealed, the Board. The court denied Northwest's subsequent motion for reconsideration. Northwest appeals.

## ANALYSIS

This appeal presents one issue: can a party appealing a final order of an administrative agency "substantially comply" with the statutory service requirements for a petition for judicial review with late service? We review this question of law de novo[3] and answer the question no.

RCW 34.05.510 through RCW 34.05.598 provide the exclusive method for obtaining judicial review of decisions of the Board done at a formal hearing.[4] RCW 34.05.542(2) requires that a petition seeking judicial review of an agency action "be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order."

---

[2] Northwest served the Board only after receiving notice that the Department intended to file a motion to dismiss because the Board had not been served.

[3] Lenca v. Emp't Sec. Dep't, 148 Wn. App. 565, 575, 200 P.3d 281 (2009).

[4] Sprint Spectrum, LP v. Dep't of Revenue, 156 Wn. App. 949, 954, 235 P.3d 849 (2010).

Most administrative agencies conduct their own adjudicative hearings; however, in tax and industrial insurance appeals, a separate administrative tribunal conducts the proceedings.

Northwest argues that this anomaly excuses its failure to timely serve the Board. We disagree. In a case decided before Northwest filed its petition, Sprint Spectrum, LP v. Department of Revenue,[5] we held that a taxpayer appealing a decision of the Board must serve the Board, rather than the Department. Any question about the proper party to serve had been resolved before Northwest sought judicial review.

Alternatively, Northwest contends that it substantially complied with the "spirit" of the service requirement, making dismissal of its petition improper. Northwest observes that "substantial compliance with service requirements is generally sufficient to invoke a superior court's appellate jurisdiction"[6] and relies on Sprint Spectrum's observation that the agency service requirement ensures timely transmittal of the administrative record to the trial court.[7] In Sprint, the court noted that because service on the agency triggers transmittal of its administrative record to the court, "'[s]ervice on the agency, therefore, is vital to

_____

[5] 156 Wn. App. 949, 952, 961, 235 P.3d 849 (2010).
[6] Skinner v. Civil Serv. Comm'n of City of Medina, 168 Wn.2d 845, 854, 232 P.3d 558 (2010).
[7] Sprint Spectrum, 156 Wn. App. at 957.

the timely functioning of the review process.'"[8] Thus, Northwest argues that late service should not bar review, so long as service occurs at a time sufficient "'to carry out the intent for which the statute was adopted.'"[9] Again, we disagree.

Sprint Spectrum does not support Northwest's position. As the court noted, Sprint made no claim of substantial compliance.[10] Substantial compliance means that a "'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.'"[11] Thus, substantial compliance describes those actions taken within the required time to comply with service requirements.[12] It does not describe actions taken for the first time after the deadline for service has elapsed. Northwest does not cite any authority applying the concept of substantial compliance to extend the time for completing a required act, and our research does not reveal any.

---

[8] Sprint Spectrum, 156 Wn. App. at 957 (quoting Banner Realty, Inc. v. Dep't of Revenue, 48 Wn. App. 274, 278, 738 P.2d 279 (1987)).

[9] Banner, 48 Wn. App. at 278 (quoting In re Habeas Corpus of Santore, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)).

[10] Sprint Spectrum, 156 Wn. App. at 958.

[11] Banner, 48 Wn. App. at 278 (quoting Santore, 28 Wn. App. at 327).

[12] Cases finding substantial compliance often involve defects in the method of service, see, e.g., Brackman v. City of Lake Forest Park, 163 Wn. App. 889, 262 P.3d 116 (2011); Sunderland v. Allstate Indem. Co., 100 Wn. App. 324, 995 P.2d 614 (2000), or failure to serve the correct party, see, e.g., Knight v. City of Yelm, 173 Wn.2d 325, 267 P.3d 973 (2011); Quality Rock Prods., Inc. v. Thurston County, 126 Wn. App. 250, 108 P.3d 805 (2005).

In <u>City of Seattle v. Public Employment Relations Commission</u>,[13] our Supreme Court stated, "It is impossible to substantially comply with a statutory time limit . . . . It is either complied with or it is not. Service after the time limit cannot be considered to have been actual service within the time limit." Consistent with this view, we hold that substantial compliance does not apply here. When circumstances beyond a party's control, such as an unavoidable casualty or misfortune, prevent that party from acting timely, the law does provide relief.[14] Northwest makes no claim that any circumstance beyond its control prevented it from following controlling case law when deciding whom to serve.

## CONCLUSION

Because Northwest failed to serve the Board within the required time, the trial court correctly dismissed Northwest's petition for review. Also, because Northwest has not prevailed, we deny its request for attorney fees. We affirm.

_Leach, C. J._

WE CONCUR:

_Becker, J._          _(signature)_

---

[13] 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991).
[14] See, e.g., CR 60(b)(9).