IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | No. 69408-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, and EASTSIDE | ) | |
| GLASS & SEALANTS, | ) | |
| | ) | |
| Respondents. | ) | FILED: January 21, 2014 |

SCHINDLER, J. — Michael Smith challenges dismissal of his appeal of the decision and order of the Board of Industrial Insurance Appeals. Because Smith did not comply with the mandatory statutory service requirements of RCW 51.52.110, we affirm.

FACTS

The facts are undisputed. On December 19, 2011, the Board of Industrial Insurance Appeals (Board) issued a decision and order denying Smith's request for worker compensation benefits. Smith's attorney received a copy of the Board's decision and order on December 21, 2011. Smith filed a notice of appeal in the superior court on January 20, 2012. Smith mailed a copy of the notice of appeal to the Department of Labor and Industries (Department), the Board, and the Attorney General's Office (AGO), with a postmark of January 23, 2012.

The Department filed a motion to dismiss for failure to perfect the appeal. The Department argued that Smith did not comply with the statutory requirement to serve a copy of the notice of appeal on the Department and the Board within 30 days after the Board's decision and order as required by RCW 51.52.110. The Department provided copies of the envelopes with a postmark of January 23, 2012 that were sent to the Department, the Board, and the AGO.

In opposition, Smith submitted a declaration from his attorney and the attorney's paralegal. The paralegal stated that she had "no specific recollection of the filing or mailing" of the notice of appeal but, based on the certificate of service, believed that she had mailed the notice of appeal "in sealed envelopes, with postage prepaid" to the Department, the Board, and the AGO on January 20, 2012. Smith's attorney stated that "[i]n the week leading up to January 20, 2012, the region suffered from severe winter snow and ice storms" but "we did not lose power and were open for business."

The superior court scheduled an evidentiary hearing on service. Witnesses for the Board, the Department, and the AGO testified that they did not receive the notice of appeal until January 25, 2012. Smith's paralegal testified that "[a]ccording to my Certificate of Service it says I mailed it on January 20th and that's all I can rely on." The paralegal was not able to explain why the envelopes were postmarked January 23, 2012. The paralegal did not recall snow or ice causing her any problems that day.

At the conclusion of the hearing, the court found that Smith did not timely serve the notice of appeal: "[W]hat was consistent with each of the State's witnesses is that

2

they recall receiving only one envelope, all those envelopes were dated January 23rd, there's no record of any envelopes dated January 20th." However, the court reserved ruling on the motion to dismiss pending submission of additional briefing on whether the court had discretion to allow the appeal to proceed despite untimely service.

Following submission of additional briefing, the court granted the motion to dismiss and entered findings of fact and conclusions of law. The findings state:

1.1 On December 21, 2011, Plaintiff's counsel received the Board of Industrial Insurance Appeals' Decision and Order dated December 19, 2011.

1.2 Plaintiff's 30-day time limit to file and serve his notice of appeal expired on January 20, 2012.

1.3 On January 20, 2012, Plaintiff filed an appeal to the December 19, 2011 Decision and Order with the King County Superior Court.

1.4 Plaintiff served the Board, the Department, and the Attorney General's Office on or after January 23, 2012.

The court concluded that Smith's appeal had not been perfected as required by RCW 51.52.110. Smith appeals.

## ANALYSIS

On appeal, Smith does not challenge the court's findings.[1] Smith concedes he did not serve the notice of appeal on the Board, the Department, or the AGO within the 30-day time limit as required by RCW 51.52.110. Nevertheless, Smith asserts that the superior court erred in failing to recognize it had the discretion to allow his appeal to proceed despite untimely service.

_____

[1] Unchallenged findings are verities on appeal. In re Marriage of Vander Veen, 62 Wn. App. 861, 865, 815 P.2d 843 (1991).

We review de novo a superior court's dismissal of an action for insufficient service of process. Witt v. Port of Olympia, 126 Wn. App. 752, 757, 109 P.3d 489 (2005). RCW 51.52.110 establishes the exclusive means of appealing from a decision of the Board:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the final decision and order of the board upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the appeal is denied as herein provided, such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court. . . .
> . . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board.[2]

The statute is clear and unambiguous. In order to perfect an appeal of a Board decision and order, the appellant "shall" serve a copy of the notice of appeal in person or by mail on the Board and the Department. RCW 51.52.110. Such service must be accomplished within 30 days of the Board's decision and order being communicated to the appellant. RCW 51.52.110; Fay v. Nw. Airlines, Inc., 115 Wn.2d 194, 198, 796 P.2d 412 (1990). The word "shall" in a statute imposes a mandatory duty unless a contrary legislative intent is apparent. State v. Krall, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994). By contrast, where a statute says that a matter "may" be dismissed for failure to substantially comply with the service requirement, dismissal is discretionary and we review a superior court's decision to dismiss for abuse of that discretion. Spokane

---

[2] (Emphasis added.)

<u>County v. E. Wash. Growth Mgmt. Hearings Bd.</u>, 173 Wn. App. 310, 323-24, 293 P.3d 1248 (2013).

We conclude the legislature's use of the word "shall" in describing the appellant's duty to perfect the appeal imposes a mandatory obligation to serve the notice of appeal on the Board and the Department within the 30-day time limit. RCW 51.52.110. Because there is no dispute Smith did not comply with RCW 51.52.110, the superior court did not err in dismissing his appeal.

<u>Sprint Spectrum, LP v. Department of Revenue</u>, 156 Wn. App. 949, 235 P.3d 849 (2010), is analogous and supports our conclusion. <u>Sprint Spectrum</u> involved the service requirements for an appeal of an administrative agency's final order under the Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 34.05.542(2) requires that "[a] petition for judicial review of an order <u>shall</u> be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order."[3] The appellant in <u>Sprint Spectrum</u> served copies of its notice of appeal on the Department of Revenue but did not serve the Board of Tax Appeals. <u>Sprint Spectrum</u>, 156 Wn. App. at 952. On appeal, we held that under the plain and unambiguous language of the statute, the failure to timely serve a copy of the notice of appeal on the Board of Tax Appeals supported the superior court's dismissal of the appeal. <u>Sprint Spectrum</u>, 156 Wn. App. at 953-55.

---

[3] (Emphasis added.)

Smith attempts to distinguish Sprint Spectrum on two grounds. First, Smith argues that unlike the APA, the Industrial Insurance Act (IIA), Title 51 RCW, is to be "liberally construed" in the employee's favor. See RCW 51.12.010; Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). Accordingly, "where reasonable minds can differ over what Title 51 RCW provisions mean, in keeping with the legislation's fundamental purpose, the benefit of the doubt belongs to the injured worker." Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 811, 16 P.3d 583 (2001). But here, because the requirement to perfect an appeal of a decision and order under the IIA is not ambiguous, reasonable minds cannot differ.

Smith also claims that Sprint Spectrum held that dismissal of the appeal was appropriate because the failure to comply with the statutory requirements deprived the superior court of subject matter jurisdiction. Citing ZDI Gaming, Inc. v. Washington State Gambling Commission, 173 Wn.2d 608, 268 P.3d 929 (2012), Smith argues that "the existence of subject matter jurisdiction is a matter of law and does not depend on procedural rules." ZDI, 173 Wn.2d at 617. But Sprint Spectrum did not affirm dismissal of the appeal on jurisdictional grounds. The court held that the "failure to timely serve a copy of the petition on the Board was a failure to comply with the express terms of the statute," and "noncompliance with the service requirements of the statute supports the superior court's dismissal of the petition." Sprint Spectrum, 156 Wn. App. at 955, 963.

No. 69408-1-I/7

Because the uncontroverted facts establish that Smith did not comply with the mandatory statutory requirements under RCW 51.52.110 to perfect his appeal of the Board's decision and order, we affirm.

WE CONCUR: