# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| MATTHEW MICHAEL MERZ, | No.  59266-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| COWLITZ COUNTY, | |
| Respondent. | |

PRICE, J. — Matthew Merz appeals the superior court's orders dismissing his petition for judicial review and denying his motion for reconsideration.  Because Merz failed to comply with the procedural requirements for filing both a petition for judicial review and a motion for reconsideration, we affirm the superior court's orders.

## FACTS

After a convoluted series of events that are well known to the parties in this case, Merz filed a whistleblower retaliation complaint against Cowlitz County.  An Administrative Law Judge (ALJ) for the Office of Administrative Hearings (OAH) ruled that Merz, a city council member for the City of Kalama, was not an employee of Cowlitz County and, therefore, did not have standing to bring a whistleblower retaliation complaint against Cowlitz County.

On August 5, 2022, the ALJ dismissed Merz's whistleblower retaliation complaint with a final order that contained the following notice regarding judicial review:

> This order becomes final on the date of mailing unless within thirty (30) days of mailing, a party files a petition for judicial review with the Superior Court. RCW 34.05.542(2). The petition for judicial review may be filed in the Superior Court of Thurston County, of the county where petitioner resides, or of the county where the property owned by the petitioner and affected by the contested decision is located. RCW 34.05.514(1). The petition for judicial review must be served on all parties of record within thirty (30) days of mailing of the final order. Service of the petition for judicial review on opposing parties is completed when deposited in the U.S. Mail, as evidenced by the postmark. RCW 34.05.542(4).
>
> The petition for judicial review must include the following: (1) the name and mailing address of the petitioner; (2) the name and mailing address of the petitioner's attorney, if any; (3) facts that demonstrate that the petitioner is entitled to obtain judicial review; (4) the petitioner's reasons for believing that relief should be granted; and (5) a request for relief, specifying the type and extent of relief requested. RCW 34.05.546.

Clerk's Papers at 82.

On September 2, 2022, Merz filed a petition for judicial review of OAH's order dismissing his whistleblower retaliation complaint. The petition was served on the Cowlitz County Sheriff's Office and the Cowlitz County Prosecuting Attorney's Office, but was not served on OAH. No action was taken on the case until a year later when Merz noted a hearing on his petition. At the hearing, the superior court ordered responsive briefing to be filed by Cowlitz County and set a briefing schedule.

In its responsive briefing, Cowlitz County argued that the superior court was required to dismiss the petition because Merz failed to serve OAH as required by statute. In response to the County's argument, Merz contended that he was not required to serve OAH because the notice language regarding judicial review did not state that serving OAH was a requirement of filing a petition for judicial review. Thus, according to Merz, OAH had waived that statutory requirement of service.

On December 20, 2023, the superior court entered an order dismissing Merz's petition for judicial review with prejudice. Sixteen days later, on January 5, 2024, Merz filed a motion for reconsideration. The superior court denied Merz's motion for reconsideration as untimely.

Merz appeals.

## ANALYSIS

Merz argues that the superior court erred by dismissing his petition for judicial review for failure to comply with the statutory requirements for service. Merz also argues the superior court erred by denying his motion for consideration as untimely. We disagree.

I. DISMISSAL OF PETITION FOR JUDICIAL REVIEW

Merz argues that the superior court erred by dismissing his petition for judicial review based on the failure to serve OAH as required by statute. Specifically, Merz claims that he was entitled to rely on the notice language included in OAH's final order as the agency's waiver of the statutory requirements. We disagree.

Proceedings related to whistleblower retaliation complaints are generally governed by the provisions of the Washington Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 42.41.040(5). RCW 34.05.542(2) provides, "A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order." The "agency" referred to in RCW 34.05.542(2) is the agency whose final order is the subject of judicial review—in this case, OAH. *Sprint Spectrum, LP v. State*, 156 Wn. App. 949, 954-55, 235 P.3d 849 (2010), *review denied*, 170 Wn.2d 1023 (2011). When the party seeking judicial review fails to properly serve the agency, dismissal is an appropriate remedy. *Id.* at 958, 963.

Here, it is undisputed that Merz failed to serve OAH with his petition for judicial review. Instead, Merz argues that he was not required to serve OAH because OAH waived the statutory requirements due to the language in its final order. Even assuming, without deciding, that OAH may waive the statutory requirements for judicial review under the APA, the notice language does not support Merz's position. Nothing in OAH's final order can be construed as an affirmative statement that service on the agency under RCW 34.05.542(2) was not required. Further, the notice expressly cites to RCW 34.05.542(2), which clearly requires that the petition for judicial review must be served on the agency. Merz was required to comply with the requirements of RCW 34.05.542 and failed to do so. Accordingly, the superior court did not err by dismissing Merz's petition for judicial review.

## II. MOTION FOR RECONSIDERATION

Merz also argues that the superior court erred by denying his motion for reconsideration as untimely. We disagree.

CR 59(b) requires that a motion for reconsideration be filed within 10 days. And CR 6(a), which governs computation of time, clearly exempts the inclusion of non-judicial days (Saturdays, Sundays, and legal holidays) in the computation only when the time prescribed is less than 7 days.

Merz's motion for reconsideration was filed 16 days after the superior court's decision, well past the 10-day deadline. Nevertheless, Merz asserts that he believed that he had 10 judicial days to file a motion for reconsideration and, because he is self-represented, his motion for reconsideration should still be considered timely. But self-represented litigants "are bound by the same rules of procedure and substantive law as attorneys." *Westberg v. All-Purpose Structures,*

4

No. 59266-5-II

*Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). Because Merz failed to comply with CR 59(b) and CR 6(a), the superior court properly denied his motion for reconsideration as untimely.

CONCLUSION

The superior court did not err either by dismissing Merz's petition for judicial review or by denying Merz's motion for reconsideration as untimely. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.