# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THOMAS MCLAREN, )
                     )   No. 72512-2-I
         Appellant, )
                     )   DIVISION ONE
    v. )
                     )   UNPUBLISHED OPINION
STATE OF WASHINGTON, )
DEPARTMENT OF NATURAL )
RESOURCES, )
                     )
         Respondent. )
                     )   FILED: June 20, 2016

TRICKEY, A.C.J. — Thomas McLaren appeals the trial court's dismissal of his petition seeking judicial review of an adverse decision of the Pollution Control Hearings Board. Because McLaren did not serve the Board within the time required by statute, RCW 34.05.542, we affirm.

## FACTS

In 2013, the Washington State Department of Natural Resources (DNR) deemed two vessels owned by Thomas McLaren to be derelict under the derelict vessel act, chapter 79.100 RCW, and took custody of them. Following a five-day administrative hearing, the Pollution Control Hearings Board (Board) issued detailed findings of fact, conclusions of law, and an order affirming DNR's actions. Both parties were represented by counsel at the hearing before the Board.

Some 29 days after the Board issued its order, McLaren, acting pro se, filed a petition for judicial review of the Board's order in King County Superior Court. On May 27, 2014, the deadline for appealing the Board's decision to the superior court, DNR

received a copy of McLaren's petition for review in the mail. McLaren did not deliver a copy of the petition to the Board.

DNR filed a motion to dismiss. Because McLaren failed to serve the Board, the agency that issued the decision being appealed, within 30 days as required by Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, the superior court granted the motion and dismissed the petition for review. The court later denied McLaren's motion for reconsideration.

## ANALYSIS

McLaren claims that the superior court erred in dismissing his petition for review with prejudice. We disagree.

The APA generally provides the "exclusive means of judicial review of agency action." RCW 34.05.510. The APA requires that a petition for judicial review of an agency order shall be filed with the court and served on the agency that rendered the decision of which review is sought and all parties of record within 30 days after service of the final order. RCW 34.05.542(2). A party serves the agency by delivering a copy of the petition to the director's office at the agency's principal office or by serving the agency's attorney of record. RCW 34.05.542(4), (6). "Timely service of a copy of the petition for [judicial] review on the Board, the agency whose order is the subject of the petition, is required." Sprint Spectrum, LP v. Dep't of Revenue, 156 Wn. App. 949, 955, 235 P.3d 849 (2010).

A petition for review is subject to dismissal if the APA's procedural service and filing requirements are not followed. See, e.g., Sprint, 156 Wn. App. at 952-54 (where Sprint served copies of its petition for review on the Department of Revenue but did not

serve the Board of Tax Appeals, the court dismissed the petition due to noncompliance with service requirements of the statute), review denied, 170 Wn.2d 1023 (2011); Muckleshoot Indian Tribe v. Dep't of Ecology, 112 Wn. App. 712, 727-28, 50 P.3d 668 (2002); Cheek v. Emp't Sec. Dep't, 107 Wn. App. 79, 84-85, 25 P.3d 481 (2001). We review de novo a superior court's order of dismissal for failure to comply with the service requirements of the APA. Ricketts v. Bd. of Accountancy, 111 Wn. App. 113, 116, 43 P.3d 548 (2002).

McLaren does not challenge the superior court's determination that he was required to serve the Board within 30 days under RCW 34.05.542(2) in order to obtain judicial review of the Board's order and that he failed to do so. Instead, McLaren contends that that the Board's order was not final, his petition for judicial review was "premature," and therefore, the superior court should have dismissed the petition without prejudice.[1] Specifically, McLaren points out that the administrative proceeding was bifurcated by agreement and the Board's order resolved only liability issues.[2] At the time of the administrative proceeding, in December 2013 and March 2014, DNR had yet to make a final determination of costs, and the amount of costs to be assessed against McLaren was to be determined at a future hearing. McLaren claims that only a comprehensive decision on both liability and costs would be a final agency order subject to judicial review under the APA.

---

[1] Appellant's Br. at 1.
[2] Although a commissioner of this court denied his motion to supplement the record, McLaren relies upon documents outside the record to establish that the proceeding was bifurcated. Nevertheless, the procedural posture is evident from the transcript of the hearing on the motion to dismiss. There is no dispute that the issues of liability and costs were bifurcated.

3

As DNR notes, McLaren did not file a response to its motion to dismiss in the superior court.[3] But even if we assume that McLaren properly preserved the claim of error, he fails to identify any authority supporting his position that the Board's order was not final merely because the issue of costs was segregated and reserved for a future determination.

Only final agency actions are subject to judicial review. Wells Fargo Bank, NA v. Dep't of Revenue, 166 Wn. App. 342, 356, 271 P.3d 268 (2012). "An agency action is 'final' when it 'imposes an obligation, denies a right, or fixes a legal relationship as a consummation of the administrative process.'" Wells Fargo Bank, 166 Wn. App. at 356 (internal quotation marks omitted) (quoting Bock v. State Bd. of Pilotage Comm'rs, 91 Wn.2d 94, 99, 586 P.2d 1173 (1978)).

The Board's order was the consummation of the five-day administrative hearing. The order establishes DNR's right to take possession of the derelict vessels based on the standards set forth in the derelict vessel act. The order further establishes McLaren's liability for the costs associated with DNR's actions based on his ownership of the vessels. McLaren does not assert that the Board failed to resolve any legal or factual issues that were presented at the hearing. The Board's order was a final order.

Alternatively, McLaren contends that even if the Board's order was a final agency action subject to judicial review, dismissal of the petition for review was improper because he substantially complied with the service requirements of RCW 34.05.542(2). Substantial compliance means that a "'statute has been followed sufficiently so as to

---

[3] McLaren described the Board's decision as a final order in his petition for review. [CP 1] Nevertheless, counsel who appeared on McLaren's behalf at the hearing on DNR's motion to dismiss argued that the matter should be remanded to the Board to issue a final order encompassing both liability and costs, which would then be subject to judicial review.

carry out the intent for which the statute was adopted.'" Banner Realty, Inc. v. Dep't of Revenue, 48 Wn. App. 274, 278, 738 P.2d 279 (1987) (quoting In re Santore, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)).

Even if the doctrine of substantial compliance is applicable, McLaren's belated attempt to show that he mailed a copy of the petition to the Board within the statutory time limit does not satisfy it. McLaren did not raise the issue of substantial compliance until he filed a motion for reconsideration. And then, apart from his declaration stating that he mailed a copy of his petition to the Board on May 22, 2014, he supplied only a receipt showing the purchase of a single first-class stamp on that date and copies purporting to show envelopes addressed to the King County Superior Court, the Assistant Attorney General, and the Board, without postmarks or other indication of mailing or dates. This is insufficient to show substantial compliance.

Because the Board's order was final and McLaren failed to serve the Board with his petition within the time required by statute, the superior court did not err in dismissing his petition for review.

Affirmed.

Trickey, ACJ

WE CONCUR:

Leach, J.

Cox, J.

5