

**FILED
DECEMBER 6, 2018
In the Office of the Clerk of Court
WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| VICTOR JOHNSON and MARILYN JOHNSON, | ) ) ) | No. 35596-9-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| BILL SPENCER, BENTON COUNTY ASSESSOR, | ) ) ) | |
| Respondent. | ) | |

SIDDOWAY, J.—Victor and Marilyn Johnson appeal the superior court's dismissal of their petition for judicial review of a decision of the Washington State Board of Tax Appeals (BTA). Because the Johnsons failed to timely serve their petition on the BTA, the superior court concluded it lacked subject matter jurisdiction. The Johnsons' arguments as to why their failure to serve the BTA should be excused fail under well-settled law. We affirm.

No. 35596-9-III
*Johnson v. Spencer*

FACTS AND PROCEDURAL BACKGROUND

Victor and Marilyn Johnson purchased 55 acres of property in Benton County in 1967, which they later enrolled as "farm and agricultural" ground under the current use program codified in chapter 84.34 RCW. Clerk's Papers (CP) at 9. The program allows properties to be valued at their current use, rather than highest and best use, for ad valorem tax purposes. A property can be removed from the program for various reasons. If it is, a tax adjustment, interest and penalties may be owed. RCW 84.34.108.

In December 2012, the Johnsons sold approximately seven acres of their property to a developer. A real estate excise tax affidavit filed at closing contained no undertaking by the developer to keep the seven acres classified as farm and agricultural land. After the developer confirmed it did not plan to continue farming, the Benton County Assessor (Assessor) issued a notice of removal of current use classification and additional tax calculations for the seven acres. The amount of tax, interest and penalties imposed on the Johnsons was approximately $36,000.

The Johnsons challenged the Assessor's action before the Benton County Board of Equalization (County Board). They did not question removal of the seven acres from its current use classification, but argued that removal should not trigger the additional taxes because the removal was solely attributable to government action. In 1995, the City of

2

Kennewick had annexed the Johnsons' and surrounding properties, adopting new zoning that did not permit agricultural use.

The Assessor disputed the Johnsons' challenge, pointing out that the city had allowed landowners of the annexed properties to continue farming despite the zoning change. It asserted that it removed the seven acres from its current use classification solely because they were sold to a developer who had no intention of continuing an agricultural use. The County Board sustained the Assessor's action.

The Johnsons appealed to the BTA. In an initial decision, a senior tax referee sustained the determination of the County Board. When petitioned for review, the BTA denied the petition and adopted the initial decision as its final decision.

The Johnsons timely petitioned the superior court for review of the BTA's decision on February 8, 2017, 30 days after issuance of the BTA's January 9 final decision. On the same day, they sent a copy of the petition to the Assessor, the office of the attorney general, and Reid Hay, a Benton County deputy prosecutor. Mr. Hay filed a notice of appearance on behalf of the Assessor a couple of weeks later.

In or about early May 2017, the Johnsons' lawyer retired from his law firm and responsibility for the Johnsons' appeal was taken over by one of his partners. In late May 2017, she communicated with Mr. Hay about the appeal. Reportedly so that "[she] would be the point of contact," the Johnsons' new lawyer served the BTA with a substitution of

counsel and the petition for review on or about May 24—three and a half months after the

petition was filed with the superior court. CP at 200. Shortly thereafter, Mr. Hay notified

the Johnsons' lawyer that the Johnsons' failure to timely serve the BTA with their

petition for review was grounds for dismissal.

When the Assessor then moved the trial court to dismiss the Johnsons' petition,

the Johnsons filed a declaration of their attorney in which she testified concerning her and

her former partner's communications with Mr. Hay. Attached to her declaration was

electronic mail from Mr. Hay to her former partner. The electronic mail, sent on April

20, 2017, included the following statements about notifying the BTA of the appeal:

> [B]efore we submit any briefs we'll need to be sure we have a copy of the
> record from the BTA proceeding below filed with the superior court. It
> doesn't look like the clerk's office has a copy of the BTA record. Have you
> contacted the BTA to have them send a copy to the court? (See RCW
> 34.05.566, 562). I don't think the clerk's office communicates with the
> BTA on the litigants' behalf to let them know about the appeal, but I
> haven't handled this species of appeal to the superior court before so feel
> free to correct me if I'm off. If you like, I could send the BTA a copy of
> the notice of appeal to get the ball rolling. Just let me know.

CP at 204.

The trial court dismissed the petition with prejudice. The Johnsons appeal.

ANALYSIS

Judicial review of decisions of the BTA that are rendered following a formal

hearing (a formal hearing was conducted here) are subject to the Administrative

4

Procedure Act (APA), chapter 34.05 RCW.  RCW 82.03.180.  Under 34.05.542(2), "[a]

petition for judicial review of an order shall be filed with the court and served on the

agency, the office of the attorney general, and all parties of record within thirty days after

service of the final order."  "The only reasonable reading of these words is that 'the

agency' is the body whose final order is the subject of the petition for judicial review"—

in this case, the BTA.  *Sprint Spectrum, LP v. Dep't of Revenue*, 156 Wn. App. 949, 954,

235 P.3d 849 (2010).

The Johnsons did not timely serve the BTA.  They argue on appeal that (1) the

trial court should have applied the doctrine of substantial compliance and recognized that

they satisfied the "spirit of the law," Br. of Appellants at 10; (2) service on the attorney

general sufficed as service on the BTA; (3) the Assessor was not prejudiced by the

untimely service; and (4) equitable estoppel should apply and prevent dismissal.  We

address their arguments in the order stated.

*Substantial compliance and spirit of the law*

The APA grants superior courts a limited appellate jurisdiction.  RCW

34.05.514(1).  Before a superior court may exercise its appellate jurisdiction, statutory

procedural requirements must be satisfied; otherwise, the court must enter an order of

dismissal.  *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005).

Filing and service requirements are necessary conditions to appellate jurisdiction.  *Union*

*Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995). This includes the requirement to timely serve the agency whose final order is the subject of the petition for review. *Sprint*, 156 Wn. App. at 951. Whether the superior court may exercise appellate jurisdiction is a question of law that we review de novo. *Conom*, 155 Wn.2d at 157.

"[S]ubstantial compliance with service requirements is generally sufficient to invoke a superior court's appellate jurisdiction." *Skinner v. Civil Serv. Comm'n of City of Medina*, 168 Wn.2d 845, 854, 232 P.3d 558 (2010); *James v. Kitsap County*, 154 Wn.2d 574, 588, 115 P.3d 286 (2005) ("[S]tate courts have required substantial compliance or satisfaction of the spirit of the procedural requirements before they will exercise jurisdiction over the matter.").[1] "'Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute. It means a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.'" *Id.* (quoting *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)).

---

[1] *Skinner* distinguished *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998) and *Union Bay*, on which *Skagit Surveyors* relied. In *Union Bay*, the Court had held that substantial compliance with APA service requirements did not suffice. *Skinner*, 168 Wn.2d at 854-55 (citing *Union Bay*, 127 Wn.2d at 618-20). It characterized *Union Bay* as involving a form of service that the legislature had deleted, and thereby implicitly disapproved. *Id.*

6

Two published decisions of this court have held that a failure to serve the BTA when seeking judicial review of its decision frustrates the purpose of the APA's service statute and warrants dismissal. In the first, *Banner Realty, Inc. v. Department of Revenue*, 48 Wn. App. 274, 275-76, 738 P.2d 279 (1987), Banner did not serve the BTA until nearly three months after the BTA's final decision. *Id.* On appeal to Division Two, the petitioner argued that it had substantially complied or satisfied the spirit of the procedural requirement. The court was unpersuaded, observing that "one of the principal objectives of RCW 34.04.130(2) and its 30-day service requirement is to assure that judicial review is promptly sought and accomplished." *Id.* at 278. It elaborated:

> Service on the agency rendering the final decision in question is a prerequisite to and triggers transmittal of the administrative record to the court. RCW 34.04.130(4). In turn, RCW 34.04.130(5) largely confines judicial review to the record before the administrative agency. Service on the agency, therefore, is vital to the timely functioning of the review process. Without such service, there is no record before the superior court and thus, no basis for review.

*Id.*

In the second decision, *Sprint*, Division One of this court agreed with *Banner Realty* that the rationale for requiring service on the BTA is to ensure timely transmittal of the administrative record to the trial court for review—hence, late compliance cannot constitute substantial compliance. It acknowledged that "there are other ways to ensure

7

that the record of an administrative agency is promptly submitted to a court for review."

*Sprint*, 156 Wn. App. at 957.

> But the legislature has specified that service on the agency whose order is the subject of a petition is required to accomplish that objective under these circumstances. We will not substitute our judgment for that of the legislature on the proper method of ensuring timely transmittal of the administrative record to a court for judicial review.

*Id.*

In this case, the failure to serve the BTA accounts for the fact that as of April 20, 2017, when Mr. Hay sent his electronic mail about doing something to "get the ball rolling," the BTA had not begun to prepare the administrative record for the superior court nor was it on notice that it needed to. Serving the BTA four and a half months after its final decision did not substantially comply with a statutory service requirement that exists to ensure timely review.

*Service on the attorney general*

The Johnsons argue alternatively that service on the attorney general was sufficient to effect service on the BTA.

RCW 34.05.542(2) requires service on "the agency," and "the office of the attorney general" (and "all parties of record"). Nonetheless, this court held in *In re the License Application of Botany Unlimited Design & Supply, LLC* that service of a petition for review on the particular assistant attorney general who represented an agency in the

underlying administrative proceeding, and who soon appeared for and represented the agency in superior court, was sufficient service on the agency. 198 Wn. App. 90, 97, 391 P.3d 605, *review denied*, 188 Wn.2d 1021, 398 P.3d 1143 (2017). The reasoning was that the extent and nature of the assistant attorney general's involvement supported characterizing him as the "'attorney of record,'" for the agency under the APA's service provision, which states that "service upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record." *Id.*; RCW 34.05.542(6).

By contrast, in *Cheek v. Employment Security Department*, 107 Wn. App. 79, 84-85, 25 P.3d 481 (2001), this court held that a petitioner's service on the attorney general's office did not qualify as service on the Employment Security Department. No one from the attorney general's office had appeared for the Department in any of the administrative proceedings, so service of the petition was directed to the office in general, not any particular assistant attorney general. *Id.* at 84. This court rejected the petitioner's argument that since the attorney general's office will defend unemployment appeals in superior court, service on the office sufficed as service on the agency. *Id.* at 82.

This case is like *Cheek*, not *Botany Unlimited.* No assistant attorney general appeared for the BTA in the Johnsons' appeal of the County Board determination. As the Johnsons' declaration of delivery attests, their service on the attorney general's office was not directed to an individual lawyer but was instead mailed to the "Attorney

General" at his post office address in Olympia.[2] CP at 18. While that satisfied the statutory requirement to serve the office of the attorney general, it did not satisfy the requirement to serve the BTA.

Because the Johnsons' late service on the BTA was not substantial compliance with RCW 34.05.542(2) and service on the attorney general's office did not qualify as service on the agency, the superior court lacked subject matter jurisdiction to entertain the petition for judicial review.

*Prejudice and equitable estoppel*

Having determined that the trial court lacked subject matter jurisdiction, little need be said about the Johnsons' remaining arguments.

They argue, without citing legal authority, that the failure to serve the BTA was not grounds for dismissal because the Assessor was not prejudiced. Whether the agency was prejudiced is irrelevant if the superior court lacks jurisdiction.

They argue that the Assessor should be estopped from challenging the superior court's jurisdiction and, relatedly, that the Assessor waived a challenge to jurisdiction by delay. Estoppel and waiver cannot be relied on as conferring subject matter jurisdiction on a superior court. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). "Either a court has subject matter jurisdiction or it does not." *Id.*

---

[2] Service on the attorney general may be accomplished by mail. RCW 34.05.542(4).

10

No. 35596-9-III
*Johnson v. Spencer*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

11